## Grigsby v. Commonwealth.

(Decided February 2, 1923.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law—Impeachment of Witnesses.—The court erred in refusing to permit the defendant, charged with murder, to impeach the evidence of the principal witness for the Commonwealth by showing that she made contradictory statements upon a material point upon a former trial of the case.

2. Criminal Law—Refusal to Admit Evidence Introduced at Former Trial.—The court abused a sound discretion in refusing to permit the defendant to introduce in his behalf the evidence given at a former trial by an eye-witness to the killing, whose presence he was unable to procure at the last trial, as is provided may be done in the court's discretion by section 4643, Kentucky Statutes.

3. Criminal Law—Prejudicial Error.—These errors were prejudicial where defendant was convicted of murder, and there was but little evidence to sustain that charge.

A. H. PATTON, COPE & COPE, E. C. DUFF and DENNY P. SMITH for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

In August, 1920, at the home of Isabelle Noble in Breathitt county, appellant shot and killed Jesse Noble. Upon indictment therefor charging him with murder, he has been tried three times. The first trial resulted in his conviction of manslaughter and sentence to confinement in the penitentiary for two years. He was granted a new trial, which resulted in a hung jury, and upon a third trial, he was convicted of murder and sentenced to the penitentiary for life, from which judgment he now appeals.

The killing occurred just outside the kitchen door, and in the presence of Pearl Fugate, Ike Watts and Beecher Noble. Gertrude Tharp and Belle Baker were present at the beginning of the difficulty, but fled just before the shooting took place, and did not see who fired the single shot that was fired, but heard the report.

At all three trials, Gertrude Tharp testified for the Commonwealth, while at the first and second trials, all of the other parties testified for the defendant, corrob-

orating in practically every detail his testimony to the effect that he shot only in his necessary self-defense when decedent, with drawn pistol, was threatening to kill him, and after defendant had begged him not to do so.

At the last trial Ike Watts and Beecher Noble were not present, but by agreement of parties the testimony of Ike Watts upon a former trial, as transcribed by the official stenographer, was read as his evidence in defendant's behalf. Because of the absence of Beecher Noble and another, defendant asked a continuance, and later that he be permitted to introduce in his behalf the evidence given by Noble at a former trial, which also had been transcribed by the court reporter and was a part of the record in the case. Both of these motions were overruled by the court, to which the defendant excepted.

That the court was in error in overruling these motions and that the defendant was prejudiced thereby, is the basis of the first and second grounds urged for a reversal.

The witness, Beecher Noble, had been indicted for murder since the second trial and at the time of the third trial was a fugitive from justice and his whereabouts unknown, and the defendant had unavailingly made every possible effort to secure his presence, as appears without contradiction from the record. We think the court erred in refusing to permit the defendant to introduce in his behalf the transcript of the evidence of this witness upon a former trial, but not in refusing a continuance.

We do not deem it necessary, however, to further discuss the court's refusal to grant a continuance, since we have concluded that the judgment must be reversed because of the court's refusal to permit the defendant to introduce the transcript of Beecher Noble's evidence on a former trial, and the refusal of the court to permit the defendant to impeach the testimony of Gertrude Tharp on this trial by showing that she made contradictory statements upon a material point upon a former trial.

According to the evidence of every eye-witness, as has been already stated, defendant shot only in his necessary self-defense and after he had made every effort to avoid the necessity therefor.

Gertrude Tharp was the only witness for the Commonwealth who saw any part of the difficulty, and the conviction of defendant for murder was necessarily based almost exclusively upon her version of the circumstances

immediately preceding the shooting. And while there was but slight evidence of murder, and that circumstantial, we think it made an instruction upon murder proper.

But that the court erred in refusing to permit the defendant to impeach the testimony of Gertrude Tharp by showing from the record of her evidence upon a former trial that she had made contradictory statements about what she heard the parties say to each other just before the shooting occurred and that this was prejudicial under the circumstances, we think is apparent. And while the testimony of Beecher Noble is not materially different upon the main facts from that of the defendant, Pearl Fugate and Ike Watts, we are unable to say that defendant may not have been prejudiced by being denied the benefit of this evidence, if he was entitled thereto.

Section 4643, Kentucky Statutes, expressly provides that in the discretion of the presiding judge the testimony of any witness, taken by the official reporter, may be used on a subsequent trial of the same case between the same parties, where it is satisfactorily made to appear, as was done here, that the testimony of such witness cannot then be otherwise procured.

A sound discretion does not, in our judgment, permit the court to deny a defendant, charged with murder, of the privilege of availing himself of the benefit of competent evidence of an eye-witness that he shot only in his necessary self-defense, and that this was error and prejudicial we think is clear, especially in view of the fact that this witness was a third or fourth cousin of the deceased and not related to the defendant, and his evidence might, for this reason, have had special weight with the jury.

This witness also testified that just a short time before the killing, the deceased told him he was "going to put the rollers" under defendant, and asked the witness to assist him in doing so.

Wherefore for the above reasons, and without deciding whether or not the verdict is flagrantly against the evidence, the judgment is reversed and the cause remanded for a new trial consistent herewith.