STATE *vs.* JOSEPH F. O'NEILL.

JULY 7, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. A jury in the Superior Court found respondent guilty of receiving stolen goods. The case is now before this court on his bill of exceptions.

March 25, 1930, John Geremia reported to the police that an electric radio, two banjo clocks and a piece of tapestry, all of the value of $85, had been stolen from his store on Westminster street. June 12, 1930, a radio, banjo clock

and a piece of tapestry were found in respondent's house. Respondent was ·a patrolman and Geremia's store was located on his beat. After being questioned by his superior officer, a complaint was made against O'Neill in which he was charged with feloniously and falsely receiving, on the 25th of March, 1930, a radio set, banjo clock and piece of tapestry, all of the value of $85, well-knowing the same to have been feloniously and falsely stolen from Louis Geremia. The State proved that the radio and clock found in respondent's possession were some of the articles stolen from Geremia's store; that the radio cost $101.70 and sold for $169; that the banjo clock cost $9.50 and sold for $12 and that the value of the tapestry was 65 cents.

Respondent admitted that he heard at the police station that Geremia's store had been broken into and that a radio and other articles had been stolen.

The defense was that on April 28 respondent purchased the radio and clock for $100 from two men in an automobile in due course of trade and for adequate consideration.

Respondent attempted to prove by two witnesses the value of the radio; that men went from house to house trying to sell radios and that a Boston man, from whom respondent testified he had purchased the radio and clock, had a place in Providence where he stored radios. The witnesses were not permitted to answer respondent's questions which would have developed these facts and he excepted to the exclusion of their answers. The exceptions must be sustained.

It is elementary that the mere reception of stolen property is not an offense and, in the absence of a statute providing otherwise, guilty knowledge by the receiver that the goods were stolen is an essential element of the offense. 53 C. J. 508; 17 R. C. L. 84; *Wertheimer* v. *State*, 68 A. L. R. 178, annotation 187.

To prove the guilty knowledge of respondent the State relied in part upon the portion of Chapter 1208, P. L. 1928, which reads: "Sec. 13. Every person who shall fraudu-

lently receive any stolen . . . goods . . . knowing the same to be stolen shall be deemed guilty of larceny . . . and the possession of any such stolen property shall be evidence of guilty knowledge by the person having such possession that such property was stolen except such person shows that it was acquired in the due course of trade and for adequate consideration." This statute creates a presumption of guilty knowledge against the possessor of stolen goods and gives him the right to rebut this presumption by showing he acquired the goods in due course of trade and for adequate consideration. Respondent's testimony tended to prove he purchased the radio for adequate consideration from a canvasser. The excluded answers of respondent's witnesses were relevant on the questions of the value of the radio and whether they were sold in due course of trade. The State introduced testimony as to the value of the radio and respondent was entitled to do the same.

Respondent urges his exception to the portion of the charge in which the trial justice said: "If they (the goods) were the property of Louis Geremia and were stolen, then the next question is, has the State shown, either directly or by circumstances, that this man knew they were stolen, or as a reasonable man should have known that they were stolen." Respondent contends that the test of his guilt is whether he actually believed the goods were stolen at the time he testified he purchased them and not whether, as a reasonable man, he should have known they were stolen. Some cases support this contention of the respondent but we think the better rule is that, in the absence of actual knowledge, it will be sufficient for the State to prove that at the time of receiving the stolen goods the accused knew of facts sufficient to satisfy a reasonable man that the property was stolen. 53 C. J. 510. The statute, cap. 1208, *supra,* states that possession of stolen property shall be evidence of "guilty knowledge" and "guilty knowledge" as distinguished from "belief" may be shown by circumstantial as well as by direct evidence. The exception is overruled.

500

As there must be a new trial because of the erroneous exclusion of evidence, the exception to the denial of the motion for a new trial on the ground that the verdict was against the weight of the evidence is not considered.

Defendant's exceptions 3 to 18 inclusive are sustained. The case is remitted to the Superior Court for a new trial.

*John P. Hartigan, Attorney General, Michael De Ciantis, Assistant Attorney General,* for State.

*William H. McSoley,* for defendant.

