298 A.2d 793.

STATE *vs.* ANDREW MOTYKA.

JANUARY 12, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J.   This is an indictment wherein the defendant, Andrew Motyka, is charged under G. L. 1956 (1969 Reenactment) §11-41-2, with larceny, inasmuch as he did receive stolen goods, knowing them to have been stolen.   After a trial to a jury in the Superior Court, the defendant was found guilty.   The defendant's motion for a new trial was denied.   The case is here on the defendant's bill of exceptions.

On December 26, 1967, three officers of the Rhode Island State Police conducted a lawful search of the premises located at 176-178 Railroad Street in Central Falls.   Two garages on the premises were rented to defendant.   During the search the police found several tires reported stolen from a Plainville, Massachusetts, service station.

At his trial, defendant testified that he had leased the garages for the past four years only to store merchandise. During that time, defendant testified, he had subleased portions to various individuals.   At the time of the search, a boat and a truck were being stored on the premises.   An open doorway existed between the garages, which provided free passage between the stalls.   The defendant denied any knowledge of the presence of the stolen tires in the garages.

At the conclusion of the evidence, the trial justice instructed the jury: "There is no evidence which shows [the defendant] had actually had [the tires] in his actual physical possession, but possession can be constructive as well as

actual. If you believe the defendant was the actual tenant of the garage and that he himself was in possession and control of that garage on December 26, 1967, then constructively he would be in possession of the tires." The defendant excepted to that portion of the charge, and only that exception is being pressed on his appeal to this court.

Section 11-41-2 of the General Laws, under which defendant is charged, provides, in pertinent part: "* * * the possession of any * * * stolen property shall be evidence of guilty knowledge by the person having such possession that such property was stolen * * *." The defendant does not challenge the validity of the presumption of guilty knowledge which we have said is created under this statute. *State* v. *Kurowski*, 100 R. I. 25, 210 A.2d 873 (1965); *State* v. *O'Neill*, 53 R. I. 497, 499, 167 A. 263, 264 (1933). Instead, he asks us to interpret the meaning of the word "possession" as used in the statute.

Recently, in *State* v. *Gilman*, 110 R. I. 207, 291 A.2d 425 (1972), a case involving possession of narcotics, we held "* * * the word 'possess' when used in a criminal statute to mean an intentional control of a designated object with knowledge of its nature. * * * The requirement of a conscious possession of contraband safeguards the name and reputation of the individual in whose building, automobile, luggage or clothing are found liquor, narcotics or similar commodities which were surreptitiously placed there by another." *Id.* at 430-31; *accord, State* v. *Labato*, 7 N. J. 137, 148-49, 80 A.2d 617, 622-23 (1951).

The defendant concedes that the trial justice properly instructed the jury that possession may be actual or constructive. It is urged, however, that the instruction here given was insufficient in that it did not clearly establish that constructive possession involves conscious possession. Constructive possession arises where an individual has dominion or control over an object although it may not be

within his immediate physical possession. *United States v. Dillard,* 376 F.2d 365, 367 (7th Cir. 1967); *United States v. Jones,* 308 F.2d 26, 30-31 (2d Cir. 1962). Absent such a consciousness of the presence of the object, the fact that it is located within premises under his control does not, of itself, constitute constructive possession. *Amaya v. United States,* 373 F.2d 197, 199 (10th Cir. 1967). *See also* 1 Devitt & Blackmar, *Federal Jury Practice and Instructions* §13.10 (2d ed. 1970).

It is, then, our conclusion that the trial justice's instruction failed to establish clearly in the minds of the jurors the requirement in our law that possession, whether actual or constructive, must be a conscious possession.

The exception of the defendant is sustained, and the cause is remanded to the Superior Court for a new trial.

*Richard J. Israel,* Attorney General; *Donald P. Ryan,* Asst. Attorney General; *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*Joseph A. Capineri,* for defendant.