319 A.2d 655.

STATE *vs.* VITO N. RUSSO.

MAY 28, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an indictment charging the defendant with carrying a pistol or revolver, without a license, in a motor vehicle in violation of G. L. 1956 (1969 Reenactment) §11-47-8, as amended by P. L. 1968, ch. 183, sec. 3. He pleaded not guilty and filed a motion to suppress, which was denied. The case was subsequently heard before a justice of the Superior Court sitting with a jury and resulted in a verdict of guilty. After the denial of his motion for a new trial the defendant filed a notice of intention to file a bill of exceptions.[1]

---

[1]This notice was filed prior to September 1, 1972, the effective date of the new Superior Court Rules of Criminal Procedure which did away with formal exceptions and, also, before the effective date of Rule 4(b) of our rules which substitutes a notice of appeal for a bill of exceptions. When the case reached this court we granted the motion of the Public

The record discloses the following pertinent facts. At about 1:30 in the morning on August 16, 1970, the Providence Police Department received a call complaining about a gun being discharged in the area of Lexington Avenue. It appears from the report that a man driving a black Lincoln was involved in the shooting. At about 3 o'clock on the same morning another call was received saying that the man responsible for the shooting was then at that location. Detective Gilbert L. Ethier, responding to the complaint, came upon defendant in the area of Lexington Avenue and Niagara Street. The defendant was seated with a woman companion in a white Thunderbird automobile with Rhode Island dealer plate No. 220.

After some conversation between the officer and defendant about the shots and the Lincoln automobile, the latter left and the officer followed him to the area of 1402 Westminster Street. The defendant drove the Thunderbird into the driveway adjacent to 1402 Westminster Street and went into the building at that address. About 50 minutes later he came out and drove the Thunderbird out into the street. He then entered a second vehicle, a 1962 Lincoln with Rhode Island registration No. BG-295, which was also parked in the driveway. During the time that defendant was in the house, Detective Ethier was watching the area and during the same period he went up to the Lincoln, shined his flashlight in it and saw nothing.

The defendant drove the Lincoln out of the driveway and took off. Detective Ethier followed him, pulled up beside him, and motioned him to pull over. The defendant then took off again with the officer following and did not stop until he hit the back end of a parked police car. De-

---

Defender to withdraw as counsel for the defendant and in his place we appointed Paul J. DiMaio, a member of the bar of this state, to act as the defendant's counsel in this appeal. Accordingly, Mr. DiMaio has briefed and argued this appeal on behalf of the defendant.

tective Ethier approached defendant's car. The defendant opened the door and, while he was still in the car behind the wheel, the officer saw the pistol "[r]ight out in plain view" on the right-hand side of the floor, on the passenger side of the car. The defendant was then taken to the police station and charged with possession of the weapon. The motor vehicle in which the weapon was found was registered in defendant's name.

## I and II

Under points I and II of his brief defendant contends that the trial justice committed reversible error in failing to charge that proof of knowledge that the weapon was in his vehicle was required in order to find defendant guilty of the offense charged and his failure to so charge was reversible error. The defendant claims that the record is devoid of any evidence that he knew that the gun was anywhere in the motor vehicle.

Initially we consider the state's argument that procedurally the issue raised by defendant under points I and II is not properly before us because defendant failed to request the specific charge which now forms the basis of his argument.

The trial justice was sufficiently apprised of defendant's objection to the charge as given, and of the precise reason for the objection. In fact he stated that knowledge was not an essential element of the offense charged. In the circumstance we feel that defendant's objection was properly taken. *Compare Woonsocket Housing Authority* v. *Allard,* 106 R. I. 7, 255 A.2d 158 (1969).[2]

The narrow issue raised by defendant under points I and II is whether knowledge of the presence of the pistol

---

[2]This case was tried in the Superior Court before September 1, 1972, the effective date of the Rules of Criminal Procedure of the Superior Court.

in defendant's vehicle is an essential element of the offense charged under §11-47-8. We are faced here with a two-statute situation. Section 11-47-8 reads, in pertinent part, as follows:

"No person shall, without a license therefor, issued as provided in §§11-47-11, 11-47-12 and 11-47-18, carry a pistol or revolver in any vehicle or conveyance * * * Every person violating the provision of this section shall, upon conviction, be punished by imprisonment for not less than one (1) nor more than five (5) years * * *."

General Laws 1956 (1969 Reenactment) §11-47-27, reads as follows:

"Proof of unlawfulness of carrying.—No negative allegation of any kind need be averred or proved in any complaint under §§11-47-1 to 11-47-34, inclusive, and the carrying or use of any firearm contrary to the provisions of said sections shall be evidence that the possession, carrying or use of any such firearm is unlawful, but the respondent in any such case may show any fact that would render the possession, or use, or carrying of such firearm lawful."

Notwithstanding the statutory presumption of unlawful carrying of the weapon created by proof that it was in his vehicle, *State* v. *Maloney,* 109 R. I. 166, 170, 283 A.2d 34, 36 (1971), defendant argues that proof of knowledge of the presence of the pistol is an essential element of the offense charged under §11-47-8. In support of this argument defendant relies primarily on *State* v. *Motyka,* 111 R. I. 38, 298 A.2d 793 (1973) and *State* v. *Gilman,* 110 R. I. 207, 291 A.2d 425 (1972).

One of the indictments in *Gilman* charged defendant with the alleged unlawful possession of a central nervous system stimulant in violation of §21-29-3(d). That section in pertinent part states: "The following shall be unlawful: * * * (d) The actual or constructive possession or control

of a barbiturate or a central nervous system stimulant by any person * * *."

In *Gilman* we held that §21-29-3(d) implicitly required a showing of knowledge. In so holding we discussed at great length the concept of strict criminal liability without regard to whether an accused knew the contraband was in his possession. We pointed out that the Legislature may make criminal an act regardless of the awareness, or lack thereof, on the part of the accused of the factors that make his conduct criminal, and we said that in such a case only the doing of the proscribed act need be shown. Further, in holding that the prosecution must show a conscious possession of the contraband involved in that case, we said we would follow those jurisdictions which construe the word "possess," when used in a criminal statute, to mean an intentional control of a designated object with knowledge of its nature.

We also pointed out in *Gilman* that since we are dealing with the word "possession" as used in a criminal statute, a strict construction of its definition is required. We then said that proof of knowledge essential to a conviction may be shown by evidence of acts, declarations or conduct of the accused from which an inference may be fairly drawn that he knew of the existence of the contraband at the place where it was found. Finally, we said that even though §21-29-3(d) carried with it no statutory presumption that possession of amphetamine could be considered as evidence of knowledge, possession of a proscribed substance can give rise to the inference that the possessor knows what he possesses, especially if it be in his hands, on his person, in his vehicle, or on his premises.

*State* v. *Motyka, supra,* involved an indictment charging defendant with receiving stolen goods in violation of §11-41-2. That section provides, in pertinent part, that "* * * the possession of any * * * stolen property shall

be evidence of guilty knowledge by the person having such possession that such property was stolen * * *." Relying on *Gilman*, we held in *Motyka* that to sustain a conviction for receiving stolen goods, the defendant's possession, whether actual or constructive, must be conscious possession and that the defendant was entitled to instructions making it clear that consciousness of the presence of stolen goods was essential to conviction, even though the goods may have been found upon premises under the defendant's control.

The state argues that *State* v. *Gilman* and *State* v. *Motyka*, both *supra*, are clearly distinguishable from the case at bar. As we understand the state's position, it argues that the instant case is similar to *State* v. *Tutalo*, 99 R. I. 14, 205 A.2d 137 (1964), which, as in the instant case, also involved a two-statute situation. The state argues that in the case at bar, as in *Tutalo*, we are involved with a two-statute situation, of which §11-47-8 establishes an illegal act, and §11-47-27 a rule of evidence. In our judgment *Tutalo* is clearly distinguishable from the instant case and of no help to the state's position. The statute in *Tutalo* expressly involved a conscious possession and proscribed a conscious possession.

It is true, as the state argues, that *Gilman* and *Motyka* are distinguishable from the case at bar. They involve different factual backgrounds and different statutes, but, in our judgment, the difference ends there. We believe that the reasoning of the court in those cases applies equally here. *Gilman* and *Motyka* each involved the meaning of the word "possession," the one, possession of drugs, and the other, possession of stolen goods. In each we held that the Legislature contemplated "conscious possession." The statute in the instant case involves the carrying, without a license, of a pistol or revolver in a vehicle. The same reasons that impelled this court to say

in *Gilman* and *Motyka* that a "conscious possession" was intended compel us to conclude that the Legislature, in enacting §11-47-8, contemplated a knowing or conscious carrying of a pistol or revolver. The statutory presumption, *State* v. *Maloney, supra,* or rule of evidence, *State* v. *Tutalo, supra,* created by §11-47-27, makes the carrying without a license unlawful — it does not pertain to the question of knowledge.

Thus, since knowledge of the carrying is an essential element of the offense created by §11-47-8, it was the duty of the trial justice under §8-2-38,[3] and on the state of the record before him, to instruct the jury on the question of knowledge and to charge that the carrying proscribed by §11-47-8 was a conscious carrying. His failure to charge as indicated constitutes reversible error requiring a new trial. In view of this conclusion we do not reach and, therefore, do not decide, the remaining questions raised by the defendant.

The objection of the defendant to the failure of the trial justice to charge on the question of knowledge is sustained, and the case is remanded to the Superior Court for a new trial.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *Edward E. Dillon, Jr.,* Special Asst. Attorney General, for plaintiff.

*Paul J. DiMaio,* for defendant.

---

[3]General Laws 1956 (1969 Reenactment) §8-2-38 reads as follows:

"Instructions to trial jury.—In every case, civil and criminal, tried in the superior court with a jury, the justice presiding shall instruct the jury in the law relating to the same, and may sum up the evidence therein to the jury whenever he may deem it advisable so to do; but any material misstatement of the testimony by him may be excepted to by the party aggrieved."