347 A.2d 404.

STATE *vs.* DONALD PROUT.

NOVEMBER 24, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

452

DORIS, J. This is an indictment in two counts charging the defendant Donald Prout with carrying a pistol without a license in violation of G. L. 1956 (1969 Reenactment) §11-47-8 (Count I) and with possession of a firearm after conviction of a crime of violence, to wit, rape

in violation of §11-47-5 (Count II). After trial before a Superior Court justice sitting without a jury, the defendant was found guilty on each count. He was thereafter sentenced to serve a term of five years at the Adult Correctional Institutions on Count I, and a term of seven years at the Adult Correctional Institutions on Count II, the sentences to be concurrent. The case is before us on the defendant's appeal from the judgments of conviction.

At the trial William McKenna, a Providence Police Officer, testified that on September 17, 1973, while on duty at the Providence Police Station, he received a complaint from Clarence Davis, a person previously known to him, that his car had been stolen by defendant and another man. The report of the stolen car was broadcast on the police radio system. Officer McKenna further testified that approximately one-half hour later, Davis returned to the police station and reported to the police officer that he had seen defendant in the car at a shopping center, and that he had information that defendant had a gun in his possession. This informaton was also broadcast over the police radio system.

David Crook, a Providence Police Sergeant, testified that he was present when Officer McKenna received the information from Clarence Davis and corroborated Officer McKenna's testimony.

William J. Lauro and Paul J. LeBoeuf, Providence Police Officers, testified that at approximately 9 p.m. on September 17, 1973, along with other police officers they arrested defendant, Donald Isom and Arthur Banks, in the car reported stolen by Clarence Davis while it was stopped at a traffic light at the intersection of Friendship and Lockwood Streets in the city of Providence. Officers Lauro and LeBoeuf related they saw defendant in the rear seat of the car with a gun in his hand, which he dropped to the floor.

Arthur Banks, the driver of the car, testified that he was using the car with the permission of the owner, Clarence Davis. This testimony was corroborated by defendant and Donald Isom. The defendant, Isom and Banks all denied any knowledge of the pistol in the automobile.

Thomas J. Luongo, an investigator employed by the office of the Public Defender, testified as to his efforts to locate Clarence Davis who was not present for the trial. Counsel for defendant then attempted to admit the testimony of Clarence Davis from a prior violation hearing at which Davis had testified and at which defendant was found not to be a violator. The trial justice denied defendant's motion to admit the testimony of Clarence Davis given at the previous hearing on the ground that a diligent search had not been made for the absent witness.

The defendant first contends that the trial justice erred when he refused to allow into evidence the testimony at a prior hearing of a witness Clarence Davis, who was unavailable at the time of trial. In denying defendant's motion to admit into evidence the prior testimony of Clarence Davis the trial justice stated:

"Here we have a situation where the investigator for the public defender['s] department some several days after this trial opened made three visits to an apartment house, knocked on three doors in an attempt to find this individual. I don't think it is reasonable for this Court to conclude that due diligence was used in an attempt to find this witness."

The defendant argues that it was not "several days" after the start of the trial that the investigator went to the apartment building, but on the day after trial commenced. He points out that the investigator went to the office area of the project where the apartment was located, and inquired for Clarence Davis, and that he also contacted the "Social Department" and inquired as to whether Davis' wife and child lived in the apartment building, and

whether the rent was paid. The defendant also points to testimony of David J. Gibbons, a Providence Police Detective, that there had been a warrant outstanding for the arrest of Davis for approximately four months prior to trial, and that he had personally tried to locate Davis at the apartment address on a number of occasions. He argues that the testimony of Detective Gibbons when added to that of the Public Defender's investigator was sufficient to establish that a diligent inquiry had been made to locate the witness.

The defendant further argues that the circumstances regarding Davis' unavailabilty, namely, the issuance of a warrant because of his failure to return to the prior bail hearing as ordered, the unsuccessful efforts by the Providence Police Department over a four month period to locate him, plus the efforts made by the investigator of the Public Defender's office, together with the probability that Davis had become a fugitive from justice, rendered any further acts to locate him by defendant as an exercise in futility. He points out that futile acts by the moving party to establish due diligence are not required citing *People* v. *Horn,* 225 Cal. App.2d 1, 36 Cal. Rptr. 898 (1964); *Grigsby* v. *Commonwealth,* 197 Ky. 506, 247 S.W. 373 (1923).

The question of whether reasonable diligence was used in efforts to locate a missing witness is addressed to the sound discretion of the trial court, and that discretion will not be interfered with upon appeal unless an abuse thereof be affirmatively shown. *State* v. *Ouimette,* 110 R. I. 747, 755, 298 A.2d 124, 130 (1972), quoting *Davis* v. *State,* 171 Neb. 333, 106 N.W.2d 490 (1960). The phrase, "due diligence" is not, in this context, susceptible of precise definition. Whether due diligence has been exercised is a matter to be determined on a case-to-case basis by the trial justice. *State* v. *Ouimette, supra.*

The burden here is on defendant to affirmatively show that the trial justice abused his discretion. We have examined the testimony of Mr. Luongo, the investigator for the Public Defender's office, and the testimony of Detective Gibbons. We have also considered the fact that a warrant had been issued four months prior to trial for the apprehension of Davis because of his failure to return to a prior violation hearing. The testimony of Mr. Luongo and Detective Gibbons, together with the issuance of the warrant for Davis' arrest, and the absence of any evidence in the record that any members of Davis' family or his friends or acquaintances were questioned as to his whereabouts, in our opinion, fails to disclose a sufficiently extended search for the missing witness to be construed as due diligence. We hold therefore that the trial justice did not abuse his discretion in excluding from evidence the prior testimony of the missing witness.

The defendant contends that a different test should be applied to a defendant than that applied to the state in considering the admission of testimony of a missing witness. He argues that since a defendant has a constitutional right to be confronted by the witnesses against him, that a denial of his attempt to introduce testimony of an absent witness given at a prior hearing infringes upon his rights guaranteed under the sixth amendment of the United States Constitution.

Admission of such testimony being a well-settled exception to the hearsay rule, it is clearly evidentiary in nature and does not pose a question of constitutional status. The defendant's contention is without merit.

The defendant next argues that the trial justice's decision was against the evidence and therefore clearly wrong. He states that the testimony of Police Officer McKenna should have been rejected and disregarded by the trial justice because the officer had testified differently

at the prior violation hearing. He contends that the testimony of Police Officers Lauro and LeBoeuf that they saw the gun in defendant's hand and then saw him drop it to the floor of the car was under the circumstances incredible and should have been rejected by the trial justice. The defendant does not allege that the trial justice overlooked or misconceived any evidence material to a controlling issue. The sole question raised by defendant therefore relates to the credibility of the various witnesses. Here, the record clearly indicates that the trial justice made specific findings and ruled on the credibility of the witnesses stating that the testimony of defendant's witnesses was lacking in credibility.

Although the manner in which the question of the sufficiency of the evidence comes before us when a case is tried by a lower court without a jury is different than when a case is tried below by a jury, we see no material difference in the tests applied in determining the question. It is clear that in each instance the weight of the evidence and the credibility of the witnesses are matters for the trier of facts. *Fournier* v. *Ward,* 111 R. I. 467, 306 A.2d 802 (1973); *Boudreau* v. *Holzer,* 109 R. I. 81, 280 A.2d 88 (1971).

The state claims that the issue of credibility of witnesses cannot be raised because defendant did not seek a new trial. In taking this position, the state apparently overlooks the rule we laid down in *State* v. *White,* 107 R. I. 306, 267 A.2d 414 (1970). There we said that while the absence of a motion for a new trial forecloses our consideration of a witness's credibility or the weight of the evidence, a jury waived criminal case shall be treated like any other case where the decision of the trial justice is brought before us. The rule in such cases and the well-settled rule we will follow here is that findings of fact made by a trial justice sitting without a jury are entitled

to great weight and will not be disturbed by us unless the trial justice has misconceived or overlooked material evidence on a controlling issue.

The trial justice here was confronted with contradictory testimony as to the location of the pistol. He believed the police. Our review of the record shows no misconception or overlooking of any material evidence.

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court.

*Julius C. Michaelson,* Attorney General, *William Granfield Brody,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *David L. Martin,* Asst. Public Defender, for defendant.