STATE

v.

Anthony BENEVIDES.

No. 79–180–C.A.

Supreme Court of Rhode Island.

Jan. 27, 1981.

Dennis J. Roberts II, Atty. Gen., John E. Migliaccio, Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, John A. MacFadyen III, Bruce Pollock, Asst. Public Defenders, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant from a judgment of conviction for carrying a pistol without a license in a motor vehicle in violation of G.L.1956 (1969 Reenactment) § 11–47–8, as amended by P.L.1975, ch. 278, § 1, after a jury trial in the Superior Court.

The record discloses that on July 9, 1977, defendant was operating a motor vehicle containing two passengers in the city of Cranston. Following a short moderate-speed chase, two Cranston police detectives, Detective Nicholas Ferranti, Jr., and Detective Sergeant Paul Saccoccia, arrested de-

fendant and charged him with carrying a pistol without a license in a motor vehicle.[1]

The detectives both testified that while following defendant's car, they observed him hand to a passenger a dark pipelike object, which, according to one of the detectives, the passenger threw out of the window of the motor vehicle. Detective Sergeant Saccoccia, who observed the object being thrown out of the car, also testified that he saw the object leave the car in one piece and strike a telephone pole. Both detectives testified that they remained within five to ten feet of defendant's motor vehicle throughout the course of the chase.

Detective Sergeant Saccoccia further testified that the abandonment of the object did not occur until just prior to the end of the chase when both vehicles were slowing down. Immediately upon stopping his vehicle, Detective Sergeant Saccoccia ran back approximately twenty-five feet and recovered the object near the pole. The object turned out to be a .22-caliber automatic pistol with the clip and a piece of the matching handle nearby. When the pistol was reassembled and testfired by Detective Sergeant Saccoccia, it was found to be inoperable because the locking mechanism was broken. Detective Sergeant Saccoccia, however, concluded that the pistol's inoperability resulted from the gun striking the telephone pole. He based this conclusion on the fact that there were two rounds of live ammunition in the clip belonging to the pistol and also that the pistol had a firing pin.

The trial justice reserved decision on defendant's motion for a judgment of acquittal until after the jury verdict. Thereupon she denied defendant's motion. Similarly, the trial justice denied defendant's motion for a new trial.

The issues raised by defendant are (1) whether the trial justice committed reversible error when she refused to instruct the jury that in order to prove possession pursuant to the statute defendant must have

exercised dominion and control over the weapon, and (2) that the trial justice erred in denying defendant's motion for a new trial because of insufficient evidence to establish the element of operability as to the weapon.

### I

The defendant contends that the trial justice was wrong in refusing to instruct the jury that defendant must have exercised dominion and control over the weapon in order to establish the elements of carrying and possession and further that such dominion and control is an essential element of the offense under § 11–47–8. Section 11–47–8 provides that "[n]o person shall, without a license or permit therefor, issued as provided in §§ 11–47–11, 11–47–12 and 11–47–18, carry a pistol or revolver in any vehicle * * *."

The gist of the offense is the "carrying" of an unlicensed pistol in a motor vehicle. One of the meanings of the word "carry" is "[t]o have or bear upon or about one's person." Black's Law Dictionary (4th ed. rev. 1968), See State v. Nieto, 101 Ohio St. 409, 130 N.E. 663 (1920). It therefore follows that "carry" and "possession" involve largely the same legal ramifications. State v. Russo, 113 R.I. 248, 253, 319 A.2d 655, 658 (1974). Carrying is a form of possession. Therefore, the essential element of "carry" in § 11–47–8 means an intentional control of the designated object with the knowledge of its nature. State v. Russo, 113 R.I. at 253, 319 A.2d at 658; see In re Caldarone, 115 R.I. 316, 345 A.2d 871 (1975); State v. Motyka, 111 R.I. 38, 40, 298 A.2d 793, 794 (1973); State v. Gilman, 110 R.I. 207, 215, 291 A.2d 425, 430 (1972).

The trial justice in the instant case instructed the jury with respect to the charge as follows:

"The word carrying has been defined as meaning 'to have or to bear upon or about one's person.' The State must also

---

1. The defendant was originally charged with four counts under criminal information P2/78–908. On October 20, 1978, the state dismissed two of the counts pursuant to Super.R.Crim.P. 48(a). Another count was dismissed by the court pursuant to Super.R.Crim.P. 48(b).

show that it was a conscious carrying, that is, there must be proof that the defendant's knowledge was there, that he was knowingly carrying a pistol in that vehicle."

We hold that this instruction was proper and was sufficient to apprise the jury of all the essential elements of the crime and the measure of proof necessary by the state in order to prove the crime beyond a reasonable doubt. We reject defendant's contention that the jury should have been instructed on the element of dominion and control.

■ We have on previous occasions stated that the element of possession is not conditioned on the time that a person has an item under control. *State v. Gilman*, 110 R.I. at 217–18, 291 A.2d at 432. Knowing or conscious contact with an item, albeit fleeting and momentary, is sufficient to constitute possession. *Id.* (citing *Commonwealth v. Harvard*, 356 Mass. 452, 458, 253 N.E.2d 346, 349 (1969)).

■ In the case at bar there was direct evidence to establish that defendant had actual possession. The instructions as given were sufficiently comprehensive to instruct the jury regarding all the issues raised by the evidence. Moreover, the evidence and issues raised were such as not to require an additional instruction concerning the other elements of dominion and control which were not an issue. There was no constructive possession alleged. Therefore, on the facts of this record, the trial justice was under no obligation to instruct the jury on additional elements that would tend only to confuse the members of the jury. *State v. Infantolino*, 116 R.I. 303, 307, 355 A.2d 722, 724–25 (1976).

## II

■ On a motion for judgment of acquittal, the trial justice must review the evidence in a light most favorable to the prosecution, drawing reasonable and rational inferences therefrom. *State v. Smith*, R.I., 401 A.2d 41, 42 (1979); *State v. Distante*, R.I., 375 A.2d 212, 215 (1977); *State*

*v. DeGregory*, 113 R.I. 434, 436, 322 A.2d 52, 53 (1974); *State v. Rose*, 112 R.I. 402, 406, 311 A.2d 281, 283 (1973). In the instant case, Detective Sergeant Saccoccia testified that the pistol in his opinion was rendered inoperable upon contact with the telephone pole. His reason for believing that the gun was operable prior to the impact was both reasonable and rational especially in view of the fact that he observed the pistol leave the car in one piece. Furthermore, he testified that the pistol had two live rounds of ammunition in the clip, which fact would likewise support the proposition that the pistol was operable prior to impact. Therefore, we are of the opinion that there were sufficient facts from which a reasonable and rational inference could be drawn that the weapon was operable before it was thrown from the vehicle, especially when such evidence is viewed in the light most favorable to the state. Accordingly, the trial justice committed no error in denying defendant's motion for judgment of acquittal.

## III

The defendant argues that the trial justice, in considering the motion for a new trial, limited herself only to the issue of "could the two police officers really have seen what they said they saw" and that in so limiting herself, she was in error because an examination of the record would indicate that there was not sufficient evidence wherein it could be established that the weapon was operable. We disagree.

■ We are of the opinion that the trial justice, in considering the motion for a new trial, applied the proper standard. In ruling on a motion for a new trial, a trial justice must " 'consider in the exercise of his independent judgment all of the material evidence * * * [and] pass on its weight and the credibility of the witnesses.' " *State v. Barnes*, R.I., 409 A.2d 988, 992 (1979) (quoting *Barbato v. Epstein*, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964)); *State v. Edwards*, R.I., 405 A.2d 1161, 1165 (1979); *State v. DaRocha*, R.I., 397 A.2d 500, 502 (1979).

In ruling on the motion, the trial justice should articulate the facts upon which she has based her ruling so that we can ascertain whether she has overlooked or misconceived material evidence on a controlling issue or was clearly wrong. *State v. Barnes*, 409 A.2d at 992; *Dixon v. Royal Cab, Inc.*, R.I., 396 A.2d 930, 935 (1979); *Morinville v. Morinville*, 116 R.I. 507, 512, 359 A.2d 48, 51 (1976).

In the instant case, the trial justice specifically referenced the testimony of the two police detectives concerning the issues of operability and carrying of the pistol. Through an independent assessment, the trial justice indicated that the detectives' testimony was very credible and probative in the minds of the jurors. Furthermore, in evaluating some of the other evidence adduced at trial, the trial justice indicated that the jury had sufficient evidence before it to support the verdict. *See State v. Barnes*, 409 A.2d at 992. Accordingly, we find that the trial justice acted properly in denying the defendant's motion for a new trial.

The defendant's appeal is denied and dismissed; the judgment of conviction is affirmed.