STATE

v.

John J. WELCH.

No. 81–171–C.A.

Supreme Court of Rhode Island.

Feb. 16, 1982.

Dennis J. Roberts, II, Atty. Gen., Jeffrey B. Pine, Sp. Asst. Atty. Gen., for plaintiff.

Michael J. Kiselica, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal brought by the defendant, John J. Welch, from judgments of conviction on an information charging him with possession with intent to deliver a controlled substance in violation of G.L.1956 (1968 Reenactment) § 21–28–4.01(A)(2)(a), as enacted by P.L.1974, ch. 183, § 2, and with maintaining a common nuisance in violation of § 21–28–4.06(1)(a), as enacted by P.L.1974, ch. 183, § 2, which judgments were entered against him in the Superior Court after a jury-waived trial.

Our review of the record reveals the following facts. At approximately 8:50 p. m. on February 22, 1979, the chief of the Coventry police and three of his detectives approached a single-family house at 2022 New London Turnpike, Coventry. Upon being admitted to the house by Lila Dockray (Dockray), the chief informed Dockray that she was under arrest for selling narcotics, advised her of her *Miranda* rights, and handed her a warrant authorizing the officers to search the house for narcotics. One of the officers asked Dockray where John Welch could be found. She informed him that Welch was sleeping in the bedroom. Officers Herbert and Leach entered the bedroom, woke defendant, identified themselves as police officers, and informed him that they had a warrant to search the premises. Dockray entered the bedroom, handed the warrant to defendant, and informed him that they were "looking for the pot." The defendant directed her to "give it to them," whereupon she went to the bedroom closet, removed two large bags containing six smaller bags of marijuana, and turned them over to the officers. The officers noted that men's clothing was both hanging in the closet and scattered around the bedroom.

The officers then asked defendant if he had any cash in the house. Accompanied by one or more of the officers, defendant retrieved his wallet and, at their direction, brought it to the kitchen table. An examination of the bills contained therein under an ultraviolet light and a check of their serial numbers confirmed that two of defendant's $5 bills had been used earlier that day by an undercover informant to purchase marijuana at the house.

The defendant presents the following issues on appeal: (1) whether defendant's objection to admission of the marked money into evidence should have been sustained, (2) whether the evidence was sufficient to establish that defendant had intentional control of the bags of marijuana found in the closet with knowledge of the nature of their contents, and (3) whether the evidence was sufficient to prove that defendant maintained a common nuisance.

## I

The defendant claims that at the time the police officers asked him to turn over his cash, they lacked probable cause to arrest him. He therefore concludes that the evidence was taken as a result of an illegal detention and is inadmissible. We find defendant's argument to be without merit.

Establishing probable cause does not require the same degree of proof required to establish guilt. *State v. Belcourt,* R.I., 425 A.2d 1224, 1226 (1981). Indeed, we have repeatedly stated that probable cause to arrest exists if, at the moment of arrest, the facts and circumstances within the police officers' knowledge and of which they have reasonable trustworthy information are sufficient to warrant a prudent person's believing that the suspect had committed or was committing an offense. *State v. Belcourt, supra; In re John C.,* R.I., 425 A.2d 536, *cert. denied,* —— U.S. ——, 101 S.Ct. 3159, 69 L.Ed.2d 1005 (1981); *State v. Frazier,* R.I., 421 A.2d 546 (1980); *State v. Firth,* R.I., 418 A.2d 827 (1980); *see Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). Thus, to determine whether probable cause to arrest defendant existed, we must view "the cumulative effect of all the facts and circumstances present at the time of the arrest * * * as through the eyes of a reasonable and cautious police officer on the scene * * *." *In re John C.,* R.I., 425 A.2d at 538.

The record shows that at the time of the arrest, the officers knew that an undercover informant had purchased marijuana at the premises a few hours earlier. This informant had stated to the police that the man living in that house had negotiated a separate sale of marijuana with him on a previous occasion. The officers also knew that defendant, as a joint tenant with another, was the owner of record of the house. Finally, they knew that defendant had sent Dockray to retrieve several bags of marijuana from the closet in the bedroom in which he had been sleeping. We believe that these facts and circumstances are sufficient to establish probable cause for the arrest. Accordingly, defendant's constitu-tional challenge to the admission of the money taken from him fails.

## II

We turn next to the consideration of defendant's contention that the evidence presented at trial was insufficient to support a finding of guilt beyond a reasonable doubt on the charge of possession of a controlled substance with intent to deliver. The defendant insists that not one scintilla of evidence shows that he knew of any drug transactions or of the presence of drugs on the premises.

This court has construed possession to mean "intentional control of a designated object with knowledge of its nature." *State v. Gilman,* 110 R.I. 207, 215, 291 A.2d 425, 430 (1972); *see Sharbuno v. Moran,* R.I., 429 A.2d 1294 (1981). Indeed, we have stated that intentional control with knowledge of the object's nature is the essential element of a possessory offense. *State v. Benevides,* R.I., 425 A.2d 77 (1981). We have recognized, however, that possession may be either actual or constructive. *State v. Motyka,* 111 R.I. 38, 298 A.2d 793 (1973). The latter arises if "an individual has dominion or control over an object although it may not be within his immediate physical possession." *Id.* at 40–41, 298 A.2d at 794; *see In re Caldarone,* 115 R.I. 316, 345 A.2d 871 (1975).

The trial justice found that when defendant directed Dockray to give the bags of marijuana stored in the closet to the police, he had control of those bags with knowledge of their contents so as to constitute possession. We accord great weight to the findings of fact of a trial justice sitting without a jury. *State v. Proulx,* R.I., 419 A.2d 835 (1980); *In re Susan,* R.I., 411 A.2d 296 (1980); *State v. Nidever,* R.I., 390 A.2d 368 (1978); *State v. Prout,* 115 R.I. 451, 347 A.2d 404 (1975). Unless the record indicates that the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong, we shall not disturb his findings on appeal. *State v. Proulx* and *In re Susan,* both *supra; State v. Sprague,* 114

R.I. 282, 331 A.2d 399 (1975). When reviewing the record to determine whether or not the evidence is sufficient to support the verdict, this court does not weigh properly admitted evidence, *State v. Proulx*, R.I., 419 A.2d at 843, or pass upon the credibility of witnesses. *State v. Nidever* and *State v. Prout*, both *supra*. It is the trial justice's function, not ours, to determine credibility, to weigh the evidence, and to draw reasonable inferences therefrom. *State v. Sprague*, 114 R.I. at 287–88, 331 A.2d at 403.

■ Our review of the record reveals ample evidence from which it may fairly be inferred that defendant had possession of the marijuana seized by the police. As recited above, the testimony of the arresting officers indicates that when informed that they wanted "the pot," defendant directed Dockray to "give it to them." In response to defendant's command, Dockray withdrew a substantial quantity of marijuana from the closet of the bedroom in which defendant had been sleeping. Taken together with the fact that defendant had in his wallet the money used by an informant to purchase marijuana at the premises earlier that day, defendant's declarations and conduct support an inference that he knew of the existence of the marijuana at the place where it was found. *See State v. Olsen*, 113 R.I. 164, 319 A.2d 27 (1974); *State v. Gilman, supra*.

■ Indeed, defendant points to no evidence in the record which contradicts the trial justice's finding that he might have overlooked. The defendant argues only that the trial justice could have inferred from these facts that defendant was simply "in the wrong place at the wrong time" and that when defendant was presented with a warrant to search the house, he had merely advised Dockray to produce marijuana in which he had no possessory interest, which marijuana happened to have been stored in the closet in the room where he had been sleeping. That the trial justice might have reached such a conclusion is irrelevant, however, when the circumstantial evidence against defendant is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Roddy*, R.I., 401 A.2d 23 (1979).[1]

We find that the record fails to indicate that the trial justice misconceived or overlooked material evidence or was otherwise clearly wrong. The defendant's challenge to the sufficiency of the evidence supporting his conviction on the charge of possession of a controlled substance with intent to deliver is, therefore, without merit.

### III

■ The defendant additionally argues that there was no evidence to prove that he kept or maintained a narcotics nuisance. We agree. The record discloses only one instance of the defendant's using the apartment to keep marijuana. In *State v. Bulhoes*, R.I., 430 A.2d 1274 (1981), and *State v. Reis*, R.I., 430 A.2d 749 (1981), we held that in order to find a person guilty of the charge of maintaining a narcotics nuisance, more than one isolated instance of the unlawful activity must be shown. Accordingly, the conviction of maintaining a narcotics nuisance should be reversed.

The defendant's appeal is sustained in part and denied in part, the judgment of conviction entered on the charge of maintaining a narcotics nuisance is vacated, and the judgment of conviction entered on the charge of possession of a controlled substance with intent to deliver is affirmed. The case is remanded to the Superior Court.

---

1. *See State v. Innis*, R.I., 433 A.2d 646 (1981); *State v. Proulx*, R.I., 419 A.2d 835 (1980) (Reasonable-hypothesis-of-innocence rule held inapplicable to trials conducted subsequent to *Roddy*).