## STATE

v.

## Clayton KEISER.

## No. 2001–137–C.A.

Supreme Court of Rhode Island.

April 19, 2002.

Annie Goldberg, Aaron L. Weisman, Providence.

Paula Rosin, Paula Lynch Hardiman, Providence.

### ORDER

The defendant, Clayton Keiser, has appealed a Superior Court judgment of conviction for carrying a pistol without a license in a vehicle. This case came before the Supreme Court for oral argument on April 9, 2002, pursuant to an order directing the parties to show cause why the issues raised should not be summarily decided. Having reviewed the record, the memoranda of the parties, and the oral arguments of counsel, it is our opinion that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

On December 1, 1999, Warwick police officer Paul Wells (Officer Wells), pursuing a dispatch, found defendant sleeping in the driver's seat of his pickup truck in the parking lot of Toys R Us in Warwick.

Officer Wells ascertained that there were two outstanding warrants for defendant, who was placed under arrest. When the officer searched defendant's person, he found a magazine clip for a semiautomatic handgun, two pocket knives, two shotgun shells, and a foot-long wrench.

Warwick police officer Timothy L. Grant arrived at the scene, and defendant informed the two officers that he had guns in the truck. Behind the passenger seat, Officer Wells found a Glock semiautomatic handgun in a holster atop a mound of miscellaneous items, along with the barrel of a shotgun wrapped in a towel. The gun had one round in the chamber.

The defendant was indicted for violation of G.L.1956 § 11–47–8(a), which provides,

"No person shall, without a license or permit, issued as provided in §§ 11–47–11, 11–47–12 and 11–47–18, carry a pistol or revolver in any vehicle or conveyance or on or about his or her person whether visible or concealed, except in his or her dwelling house or place of business or on land possessed by him or her or as provided in §§ 11–47–9 and 11–47–10."

At trial, defendant did not dispute that he did not have a license for the gun he had in his possession, but he contended that he was in the process of moving when his truck broke down on the night in question. The defendant claimed that he was exempt from the statute under § 11–47–9, which states,

"The provisions of § 11–47–8 do not apply * * * to any person while carrying a pistol *unloaded and securely wrapped* from the place of purchase to his or her home or place of business, or in moving goods from one place of abode or business to another." (Emphasis added.)

The defendant testified that he believed he had unloaded the gun, and he stated, "I thought that I had it in its shipping box, but I don't recall clearly." Over defendant's objection, the trial justice refused to instruct the jury that they should find defendant not guilty if they determined that he honestly and reasonably, though mistakenly, believed that he had unloaded the gun before transporting it. The jury found defendant guilty of violating § 11–47–8,[1] and he has appealed the judgment of conviction on the ground that the trial justice erred in rejecting his proposed jury instruction.

We have regularly held that we shall affirm a trial justice's jury instructions when, examined in their entirety from the perspective of a jury of ordinary intelligent lay people, the instructions adequately cover the law and neither reduce nor shift the state's burden of proof. *State v. Marini*, 638 A.2d 507, 517 (R.I.1994). Furthermore, we have previously held that a trial justice need not give the jury a mistake-of-fact instruction when the justice adequately covers the same concept in a positive instruction on the required mental state. *State v. Dellatore*, 761 A.2d 226, 231–32 (R.I.2000). Moreover, the availability of a statutory exception is a question of law for the justice, not one of fact for the jury.

In *State v. Russo*, 113 R.I. 248, 254, 319 A.2d 655, 658 (1974), we held that § 11–47–8 requires proof that the defendant had knowledge of the weapon's presence in his vehicle. Here, when the trial justice charged the jury that the defendant could not be held liable if he did not have "a conscious awareness of the condition of the gun," she gave a correct recitation of the

---

1. The defendant was acquitted of an assault and battery charge arising from allegations that he kicked Officer Wells while he was being detained in the back of a police cruiser on the night in question.

law. Therefore, the justice neither decreased nor shifted the state's burden of proof, and any error did not prejudice the defendant.

More importantly, the instruction proposed by the defendant was legally incorrect because, even if the requirement that the weapon must be unloaded was satisfied by the defendant's mistaken belief that such was the case, he could nevertheless be convicted of a violation of § 11–47–8 on the ground that the gun was not "securely wrapped," a requirement imposed by § 11–47–9. Accordingly, we are of the opinion that the trial justice did not err in rejecting the defendant's proposed instruction on mistake of fact. Consequently, we deny and dismiss the defendant's appeal, affirm the judgment of conviction, and return the papers in the case to the Superior Court.

Chief Justice WILLIAMS did not participate.