Bobby Dan **WISDOM**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1036–84.

Court of Criminal Appeals of Texas, En Banc.

April 23, 1986.

John W. Alexander, James E. Pickett, Winnsboro, for appellant.

James L. Chapman, Dist. Atty., Sulphur Springs, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant pled not guilty and was convicted by a jury of unlawful possession of a firearm by a felon. V.T.C.A., Penal Code Sec. 46.05. The jury found that the appellant, twice before convicted of felonies, was an habitual criminal, and the trial court sentenced him to life imprisonment.

On appeal, the appellant contended that the State failed to prove that the prior felony involved violence, or the threat thereof. Connected with this, appellant argued that the trial court erred when it instructed the jury that rape is a crime of violence, as a matter of law. The Tyler Court of Appeals rejected these two grounds of error and held that "the offense of rape involves an act of violence as a matter of law. The appellant's second and third grounds of error are overruled." *Wisdom v. State,* unpublished (No. 12–82–9142–CR, 12th Court of Appeals, September 27, 1984).

The Tyler Court of Appeals also overruled appellant's fourth ground of error. In it, appellant stated that the indictment against him was fundamentally defective. Appellant based this argument on the fact that the State used his prior rape conviction both to prove an essential element of

the offense and to enhance that offense.[1] The Court of Appeals held that the authorities cited by appellant, in support of this ground of error, were decided "prior to the passage of V.T.C.A., Penal Code Sec. 12.46, (effective date June, 1979)." This allowed the State to use the rape conviction more than one time in the same indictment. *Wisdom v. State,* supra.

Three of appellant's grounds of review in his petition for discretionary review correspond to the aforesaid grounds of error. We granted review on these three grounds: (1) whether the trial court properly instructed the jury that rape is a crime of violence as a matter of law; (2) whether the prior rape conviction may be used both to prove an essential element of the offense and to enhance that offense in the indictment; and (3) whether the evidence was sufficient to prove that the prior rape was a crime of violence.

We agree with the appellant's second ground of review, and will reverse his conviction for that reason. However, appellant's first and third grounds of review are also properly before us and they will also be addressed in the event there is a re-trial in this cause.

The trial court correctly instructed the jury that rape is a crime of violence as a matter of law. Appellant argued that this instruction was improper, and cited *Tew v. State,* 551 S.W.2d 375 (Tex.Cr.App.1977), and *Ex parte Eldridge,* 572 S.W.2d 716 (Tex.Cr.App.1978), in support. Appellant relied on language in *Tew* and *Eldridge* where this Court stated that rape is not a crime of violence. In both cases, the language appeared as unsubstantiated dicta. Neither *Tew* nor *Eldridge* can support appellant's argument.

Appellant's argument that rape is always a potentially non-violent crime adhered to a view of rape which is no longer legally valid. This view of rape was premised on a definition of consent which allows for force and acquiescence to co-exist in the same incident. This view of rape required that "both force and lack of consent be proved, creating an inference that most forceful sexual penetration was consensual." Tchen, Rape Reform and a Statutory Consent Defense, 74 Journal of Criminal Law and Criminology 1518 (Winter, 1983).

The *old* rape, aggravated rape, sexual abuse, and aggravated sexual abuse statutes incorporated appellant's view of rape. V.T.C.A., Penal Code, Secs. 21.02, 21.03, 21.04, 21.05. These laws required the State to prove that the crime was committed without the victim's consent in one of seven ways. The first two methods were:

(1) The state must prove that the actor compelled the victim to submit or participate by force that overcomes such earnest resistance as might reasonably be expected under the circumstances; or

(2) The state must prove that the actor compelled the victim to submit or participate by any threats that would prevent resistance by a woman of ordinary resolution. V.T.C.A., Penal Code Secs. 21.02(b)(1), (b)(2); 21.04(b)(1), and (b)(2) (Repealed).

Both of these methods required the State to prove the presence of force or threatened force, and the lack of consent by the victim. Both methods reflect the view that only an exceptional case of forceful sexual penetration could be non-consensual.

■ The Legislature recognized that this view was invalid during its 68th Session in 1983. At that time, the Legislature changed the two methods of proof. In order to prove that the crime was committed without the victim's consent, the State now must prove:

(1) that the actor compelled the other person to submit or participate by the use of physical force or violence; or

---

1. The essential element of Section 46.05, which appellant referred to in ground of error no. four, is the previous conviction for a felony "involving an act of violence or threatened violence." Section 46.05, supra. In the instant case, the State used the appellant's prior conviction for rape to prove this element of Section 46.05. The State used the same rape conviction to enhance the appellant's punishment under 12.42.

(2) that the actor compelled the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat. V.T.C.A., Penal Code Sec. 22.011(b)(1) and (b)(2).

The old law defined rape in terms of the actions of the victim. In that way, it condemned the victim for not resisting the actor, no matter what the consequences of resistance would be for the victim. Instead, the new law focused on the culpable conduct of the actor.[2] Within the new law, the Legislature recognized that forceful and violent[3] sexual penetration is non-consensual.

In this and other ways, the Legislature recognized that rape is a crime of violence, per se. The Legislature incorporated the old laws (Rape, Aggravated Rape, Sexual Abuse, Aggravated Sexual Abuse, Rape of a Child, Sexual Abuse of a Child) into two new laws (Sexual Assault and Aggravated Sexual Assault; V.T.C.A., Penal Code Secs. 22.011 and 22.021). At that time, the old offenses were declassified as "sexual offenses" and reclassified as "assaultive offenses." At that time the Legislature redefined the above offenses as crimes of violence, rather than sex crimes. The Legislature's purpose in this was to remove the stigma that causes many sexual assaults to go unreported. House Study Group, Daily Floor Report, May 11, 1983, C.S.H.B. 2008, pages 29030; *Allen v. State*, 700 S.W.2d 924 (Tex.Cr.App.1985, J. Miller concurring). This legislative view that rape is a crime of violence, per se, was correctly adhered to by the Court of Appeals in the instant case.[4]

**2.** In Minnesota, the Legislature recognized that rape is a crime of violence. "As such, it is not required that the complainant use physical resistance in refusing to submit to an act of sexual penetration by force." *State v. Heinzer*, 347 N.W.2d 535 (Minn.App.1984).

In Texas' new sexual assault statute a similar intent, by the Texas Legislature, to drop the required proof of resistance by the victim is evident.

**3.** The terms "force" and "violence", in relation to assaultive offenses, are synonymous and interchangeable. This Court has ruled that "violence is a general term and includes all sorts of force. The term violence is synonymous with physical force, and the two are used interchangeably in relation to assault." *Robinson v. State*, 67 Tex.Cr.R. 79, 149 S.W. 186 (1912), 149 S.W. at 187–88.

Other jurisdictions have made similar rulings. "The terms 'violence' and 'force' are synonymous when used in relation to assault, and include any application of force even though it entails no pain or bodily injury and leaves no mark." *People v. Flummerfelt*, 153 Cal.App.2d 104, 313 P.2d 912 (Cal.App.1957), 313 P.2d at 913; *McQueen v. State*, 473 So.2d 971 (Miss. 1985), at 972–73.

Because the terms are analogous, within the content of rape as an assaultive offense, both force and violence will be referred to as violence within this opinion. As will be seen, the Legislature views rape as an assaultive offense which is a crime of violence, per se.

**4.** Appellate courts in other jurisdictions have also interpreted the statutory phrase "crime of violence" to include rape: Mississippi [Sec. 99–19–83, Criminal Procedure, Miss.C.A., "Sentencing of habitual criminals to life imprisonment"; interpreted in *Dalgo v. State*, 435 So.2d 628 (Miss.1983) and *McQueen*, supra; and Sec. 99–19–101, Criminal Procedure, Miss.C.A., "Jury to determine punishment in capital cases in separate sentencing proceedings"; interpreted in *Johnson v. State*, 476 So.2d 1195 (Miss.1985) ], Rhode Island [Sec. 11–47–5, Criminal Offenses, General Laws of Rhode Island, "Criminals and fugitives prohibited from possession"; interpreted in *State v. Prout*, 115 R.I. 451, 347 A.2d 404 (Rhode Island, 1975) ], and Utah [Sec. 76–10–503(1), Criminal Code, Utah C.A., "Possession of dangerous weapons-persons not permitted to have"; interpreted in *State v. Saunders*, 699 P.2d 738 (Utah, 1985). ].

Appellate courts in some jurisdictions have held that rape is a crime of violence, per se: Alaska, *Juneby v. State*, 641 P.2d 823 (Alaska App.1982); Florida, *Rose v. State*, 461 So.2d 84 (Fla.1984); Missouri, *State v. Greer*, 616 S.W.2d 82 (Mo.App.1981); and Washington, *State v. Hightower*, 36 Wash.App. 536, 676 P.2d 1016 (1984).

A few legislatures have adopted laws which specifically state that rape is a crime of violence. In the District of Columbia, crime of violence includes "forcible rape, carnal knowledge of a female under the age of sixteen, taking or attempting to take immoral, improper, or indecent liberties with a child under the age of sixteen." Sec. 23–1331(4), Criminal Procedure, D.C.C.A. In Maryland, crime of violence means "rape, sexual offense in the first degree and sexual offense in the second degree." Section 413 (g)(1)(i) and Section 643B(a) of Art. 27, Crimes and Punishments, A.C.M.

Applicant's prior conviction for rape occurred prior to the adoption of Sections 22.011 and 22.021. The use of the appellant's rape conviction, to prove that appellant had previously committed a felony involving an act of violence or threatened violence, was not an invalid retroactive enforcement of the new legislative intent. In Section 46.05, supra, the prior felony which involves violence was used to enhance the punishment for an offense which would otherwise be a misdemeanor. "Unlawfully Carrying a Weapon", V.T.C.A., Penal Code Sec. 46.02, is a misdemeanor offense and is a lesser included offense of Section 46.05. All that distinguished the two offenses is the additional element of "having previously been convicted of a felony involving violence." *Hazel v. State*, 534 S.W.2d 698 (Tex.Cr.App.1976); *Archer v. State*, 607 S.W.2d 539 (Tex.Cr.App.1981), at 544. The prior violent felony enhanced the punishment for unlawfully carrying a weapon.

As V.T.C.A., Penal Code Sec. 12.42 was viewed in *Porier v. State*, 591 S.W.2d 482 (Tex.Cr.App.1980), Section 46.05 does not inflict additional punishment for a prior violent felony or authorize a new conviction for that felony. Section 46.05 is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because of a repeated tendency to acts of violence or threatened violence. As in the case of habitual offender laws, *Gryger v. Burke*, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948); *Vasquez v. State*, 477 S.W.2d 629 (Tex.Cr.App.1972), and in the case of repeat drug offenders in Section 23, Uniform Narcotic Drug Act, Art. 725b, V.A.P.C. (repealed), *Gomez v. State*, 280 S.W.2d 278 (Tex.Cr.App.1955), use of the appellant's prior rape conviction as a felony which involves violence, per se, within Section 46.05 was not an invalid ex post facto application of the law.

Section 22.011(b), supra, contained the different theories of how a rape can occur without the victim's consent. Five of these explanations did not use the words, force or violence:

(3) the other person has not consented and the actor knows the other person is unconscious or physically unable to resist;

(4) the actor knows that as a result of mental disease or defect the other person is at the time of the sexual assault incapable either of appraising the nature of the act or resisting it;

(5) the other person has not consented and the actor knows the other person is unaware that the sexual assault is occurring;

(6) the actor knows that the other person submits or participates because of the erroneous belief that the actor is the other person's spouse; and

(7) the actor has intentionally impaired the other person's power to appraise or control the other person's conduct by administering any substance without the other person's knowledge. V.T.C.A., Penal Code Sec. 22.011(b)(3), (b)(4), (b)(5), (b)(6), and (b)(7).

These five theories, unlike the two discussed earlier in this opinion, explained situations where the criminal actor overcame the victim's lack of consent by means that do not include violence. This did not detract from the Legislature's decision that a rape is, by its nature, an act of violence.

A penetration of the victim occurs in all rapes. V.T.C.A., Penal Code Section 22.-011(a)(1)(A), (1)(B), and (1)(C). This act of penetration is a violent act, no matter what the circumstances are which prove that the victim did not consent. This conclusion is reflected in the nature of rapes. Rape is not a sexual offense motivated by a desire for sexual gratification. Rape is primarily a "violent assault motivated by hostility, anger and a need to dominate the victim." Tchen, supra, at 1527. A rape is characterized by the rapist's use of sexuality to express power and anger. "Rape is a psuedo-sexual act, a pattern of sexual behavior that is concerned much more with status, hostility, control and dominance than with sensual pleasure or sexual gratification." A. Groth, Men Who Rape (1979), p. 13. Because it is an assertive violent assault,

rape is divorced from consensual sexual activity.

 From both the nature of rape and the effects of rape on its victims, it becomes apparent that rape is an act of violence, anger and power, which is distinguished by its coercive and sometimes brutal nature. The state legislature recognized this fact. We hold that rape is a crime of violence, per se. Appellant's first ground of review is overruled.

 Appellant argues in his third ground of review that the State presented insufficient evidence that his prior conviction for rape involved either violence or the threat thereof. The evidence adduced at trial concerning appellant's prior conviction consisted of a pen packet, State's Exhibits 3, 3a, 3b, 3c, 3d, 3e, 3f, and 3r, which contained a judgment, a sentence and a set of fingerprints showing that appellant was convicted of rape. State's Exhibit No. 5, also admitted in evidence, is a copy of the indictment which charged appellant with rape.[5] Because rape is, by its nature, a crime of violence and the pen packet showed that the appellant had previously been convicted of rape, we hold that the State presented sufficient evidence to prove that appellant had a prior conviction involving violence or the threat thereof. *Schutz v. State,* 646 S.W.2d 224, 225 (Tex. Cr.App.1983); *Archer v. State,* 607 S.W.2d 539 (Tex.Cr.App.1981). Appellant's third ground of review is overruled.

 Appellant, in his second ground of review, argues that it was error to use his prior rape conviction to prove an essential element of an offense and also use that conviction to enhance that same offense. The Court of Appeals held that V.T.C.A., Penal Code Sec. 12.46, permitted the State to use a conviction more than one time in the same indictment. However, Sec. 12.46, supra, states that a conviction may be subsequently used for purposes of enhance-

ment. This Court must decide if Sec. 12.46 permits the State to use a prior conviction within one indictment for the dual purpose of proving an essential element of an offense and enhancing that same offense. We hold it does not.

In the instant case, the State was barred from using the appellant's rape conviction to enhance the offense, after the conviction had been used to allege an essential element of that offense. The use of a prior conviction to prove an essential element of an offense bars the subsequent use of that prior conviction in the same indictment for enhancement purposes. *Fletcher v. State,* 169 Tex.Cr.R. 506, 335 S.W.2d 613 (App. 1960).

The rule set down by this Court in *Ramirez v. State,* 527 S.W.2d 542 (Tex.Cr. App.1975), before the passage of Sec. 12.46 is still valid. We reverse the judgments of the trial court and the Court of Appeals. The cause is remanded to the trial court.

ONION, P.J., and TEAGUE, J., concur in the disposition addressed in ground of review no. 2.

W.C. DAVIS, J., not participating.

---

**5.** The indictment alleged that:

    "on or about the 4th day of April, 1965, (the appellant) in and upon Rosa Lee Wisdom Griffith, a woman, did then and there unlawfully make an assault; and did then and there, by force, threats and fraud, and without the consent of the said Rosa Lee Wisdom Griffith, ravish and have carnal knowledge of the said Rosa Lee Wisdom Griffith."