**Gary Lynn WOLFE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–840–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 1989.

Gene Jones, Houston, for appellant.

Cheryl Boyd, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Gary Lynn Wolfe, appeals a judgment of conviction for the offense of felony theft. TEX.PENAL CODE ANN. § 31.03(e)(4)(C) (Vernon Supp.1988). The jury rejected appellant's "not guilty" plea and found him guilty as charged in the indictment. Appellant pled "true" to the enhancement paragraph of the indictment and the jury assessed punishment at twelve (12) years confinement in the Texas Department of Corrections with a $114.00 fine. We affirm.

In his sole point of error, appellant contends that "the State failed in its burden of proof regarding the 'finality' of the sole prior conviction used to enhance punishment because it occurred on the same date as a prior offense used to achieve felony theft status."

Appellant was charged by complaint on March 25, 1988 in cause number 496930 for the offense of robbery. He was subsequently reindicted on June 16, 1988 in cause number 503888 for the offense of theft of property valued below seven hundred fifty dollars. However, the second indictment also contained two prior theft convictions which served to upgrade the charge against him to third degree felony. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(C) (Vernon Supp.1988). The paragraphs used to upgrade this offense to a third degree felony theft reflect:

Before the commission of the primary offense, on August 22, 1980, in cause number 319639, in the 208th District Court of Harris County, Texas, the defendant was convicted of the felony offense of theft of an automobile.

Before the commission of the primary offense, [o]n January 5, 1987 in cause number 459479, in the 209th District Court of Harris County, Texas, the defendant was convicted of the felony of theft.

Additionally, appellant's punishment was enhanced to a second degree felony with the following prior non-theft conviction:

Before the commission of the offense alleged above, on August 22, 1980 in cause number 298987, in the 208th District Court of Harris County, Texas, the defendant was convicted of the felony of forgery by possession.

Appellant appears to complain that the State could not use the two separate convictions of August 22, 1980 for "enhancement" purposes.

However, section 31.03(e)(4)(C) of the Penal Code provides for felony theft indictments on the basis of an offender having been twice before convicted of theft. This provision of the Penal Code is jurisdictional in nature. *Turner v. State*, 636 S.W.2d 189, 196 (Tex.Crim.App.1982) (Opinion on State's Motion for Rehearing); *Gant v. State*, 606 S.W.2d 867, 871) (Tex.Crim.App. 1980). As such, this section of the theft statute creates a new offense of felony proportion and vests the District Court with jurisdiction. *Gant*, 606 S.W.2d at 871. When instructing a jury pursuant to a third offender theft charge, "the prior theft offenses, as jurisdictional elements of the offense alleged, must be included in the body of the main charge before the jury is authorized to make a general finding of guilt." *Id.* The intent behind the creation of this type of offense "is to punish a third theft offense, though 'petty' as a felony ..." *Id.* Further, a defendant charged with felony theft by virtue of two prior theft convictions may also receive enhanced punishment "only if the prior convictions used for that purpose are for an offense other than theft." *Rawlings v. State*, 602 S.W.2d 268, 269, (Tex.Crim.App.1980); TEX.PENAL CODE ANN. § 12.42 (Vernon 1974 & Supp.1980). Appellant's punishment was properly enhanced with his forgery conviction of August 22, 1980. TEX.

PENAL CODE ANN. § 12.42(a) (Vernon 1974).

Appellant urges that because the date in the enhancement paragraph reflects a conviction date of August 22, 1980, and the date of conviction of the first prior theft paragraph was also August 22, 1980, his conviction for a second degree felony cannot stand. Appellant specifically contends that his punishment cannot be enhanced with a prior conviction which was not final before one of the convictions used to achieve his repeat felony status. The State's burden is only to show that the prior conviction alleged for enhancement purposes became final before the commission of the primary offense charged. *Jones v. State,* 711 S.W.2d 634, 645 (Tex. Crim.App.1986). Appellant pled true to the complained-of enhancement paragraph and the pen packet containing proof of the forgery conviction was introduced into evidence at trial. Because the forgery conviction occurred prior to and was final at the time of his conviction for the primary offense, the State met its burden. Appellant cites no direct authority to support the proposition that prior convictions used to elevate offender status and prior convictions used to enhance punishment must be sequential in time. Appellant's reliance on *Wisdom v. State* 708 S.W.2d 840 (Tex.Crim. App.1986) is misplaced. In *Wisdom,* the court held that a prior conviction could not be used as an essential element of the charged offense and subsequently used for enhancement in the same indictment. *Wisdom,* 708 S.W.2d at 845. Here, appellant was charged properly with felony theft based upon two prior theft convictions. His punishment was enhanced by an independent prior non-theft conviction which was final before his commission of the primary offense. The logic of *Wisdom* does not apply here. The sole point of error is overruled.

The judgment is affirmed.