COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-453-CR

 

 

FREDRICK EARL HUDSON                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Fredrick Earl
Hudson appeals his conviction for retaliation.[2]  We affirm.     








While serving time for
aggravated robbery,[3]
appellant wrote to the trial court judge who sentenced him, the Honorable Mike
Thomas, a letter threatening Judge Thomas and his family.  Appellant was charged with retaliation
against a public servant C a third
degree felony enhanced to second degree by appellant=s prior aggravated robbery conviction.[4]  After a two-day jury trial, appellant was
convicted.  Upon hearing additional
evidence and argument, the jury assessed punishment at fifteen years= confinement.  The trial court
sentenced appellant in accordance with the verdict and ordered the sentence to
begin upon completion of the original sentence for aggravated robbery.[5]


In three issues, appellant
claims that the trial court committed reversible error by refusing to instruct
the jury on terroristic threat as a lesser included offense, denying his motion
to quash the State=s repeat
offender notice, and refusing his requested jury charge instruction at
punishment. 








In point of error one,
Appellant seeks to have his conviction reversed because the trial court did not
instruct the jury at guilt-innocence on terroristic threat as a lesser included
offense.  Article 37.09(1) provides, AAn offense is a lesser included offense if . . . it is established by
proof of the same or less than all the facts required to establish the
commission of the offense charged.@[6]  This inquiry is a question of
law.[7]  Its resolution does not depend on the
evidence produced at trial but is found by comparing the elements of the
offense as they are alleged in the indictment with the elements of the
potential lesser included offense.[8]









Terroristic threat is not a
lesser included offense of retaliation because it cannot be proven by the same
or less facts than those required to prove retaliation.[9]  Terroristic threat requires that a person
intend to place an individual in fear of imminent serious bodily injury;
retaliation does not.[10]  We overrule point of error one.

In point of error two,
appellant contends that the trial court erred in denying his motion to quash
the State=s repeat
offender notice because the State improperly used his prior felony conviction
to prove an essential element of the offense and to enhance punishment from a
third degree felony to a second degree felony.[11]


In this case, the State
alleged appellant=s prior
felony conviction only in the enhancement paragraph to raise the offense from a
third degree felony to a second degree felony. 
The elements of retaliation as charged in the indictment do not include
appellant=s prior
felony conviction.  Because the State did
not allege the prior conviction as an essential element of the offense but only
to enhance punishment, the trial court properly denied appellant=s motion to quash.  We overrule
point of error two.








In point of error three,
appellant claims that the trial court erred in refusing a requested punishment
charge based on article 42.08 of the code of criminal procedure that would have
instructed the jury that any sentence assessed would be stacked upon the one
that appellant was serving at the time he committed the offense.[12]  Appellant argues that it was reversible error
to deny this requested instruction because it deprived the jury of the benefit
of understanding all of the parole ramifications applicable to his situation.

Article 37.07 section 4(b)
prohibits a jury from considering the manner in which parole may affect a
defendant.[13]  Thus, it was not error for the trial court to
refuse to give an instruction that explained the parole ramifications of
appellant=s
sentence.  We overrule point of error
three.

Having overruled all of
appellant=s points of
error, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 26, 2008      











[1]See Tex. R. App. P. 47.4.





[2]See TEX. PENAL CODE ANN. ' 36.06
(Vernon Supp. 2008).





[3]See
id. ' 29.03(a)(2)
(Vernon 2003).





[4]See
id. ''
12.42(3), 36.06(a)(1)(A) (Vernon Supp. 2008).





[5]See TEX. CODE CRIM. PROC. ANN.
art. 42.08(b) (Vernon 2006).





[6]Tex. Code Crim. Proc. Ann.
art. 37.09(1); see also Hall v. State, 225 S.W.3d 524, 536 (Tex. Crim.
App. 2007).





[7]Hall, 225
S.W.3d at 535.





[8]Id. at
525, 535B36.





[9]The
elements of retaliation, as pleaded in the indictment, are that  appellant intentionally or knowingly
threatened  in writing or through the
mail  to harm Mike Thomas by the unlawful
act of killing him or his family in retaliation for or on account of the
services or status of Mike Thomas as a public servant.  The elements of terroristic threat, as
defined by the penal code, are that a person threatened to commit an offense
involving violence with intent to place an individual in fear of imminent
serious bodily injury.  Tex. Penal Code Ann. '
22.07(a)(2) (Vernon Supp. 2008).





[10]See
Helleson v. State, 5 S.W.3d 393, 393 (Tex. App.CFort
Worth 1999, pet. ref=d)
(holding that terroristic threat is not a lesser included offense of
retaliation because retaliation requires no threat of imminent bodily injury).





[11]See
Ramirez v. State, 527 S.W.2d 542, 544 (Tex. Crim. App. 1975);
Garcia v. State, 335 S.W.2d 381, 383 (Tex. Crim. App. 1960 (op. on reh=g)); see
also Fitzgerald v. State, 782 S.W.2d 876, 879 (Tex. Crim. App. 1990); Wisdom
v. State, 708 S.W.2d 840, 845 (Tex. Crim. App. 1986).





[12]See Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon 2006).





[13]Id. art.
37.07, '
4(b).