

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-06-453-CR

FREDRICK EARL HUDSON            APPELLANT

V.

THE STATE OF TEXAS            STATE

------------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Fredrick Earl Hudson appeals his conviction for retaliation.[2] We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

[2] *See* TEX. PENAL CODE ANN. § 36.06 (Vernon Supp. 2008).

While serving time for aggravated robbery,[3] appellant wrote to the trial court judge who sentenced him, the Honorable Mike Thomas, a letter threatening Judge Thomas and his family. Appellant was charged with retaliation against a public servant — a third degree felony enhanced to second degree by appellant's prior aggravated robbery conviction.[4] After a two-day jury trial, appellant was convicted. Upon hearing additional evidence and argument, the jury assessed punishment at fifteen years' confinement. The trial court sentenced appellant in accordance with the verdict and ordered the sentence to begin upon completion of the original sentence for aggravated robbery.[5]

In three issues, appellant claims that the trial court committed reversible error by refusing to instruct the jury on terroristic threat as a lesser included offense, denying his motion to quash the State's repeat offender notice, and refusing his requested jury charge instruction at punishment.

In point of error one, Appellant seeks to have his conviction reversed because the trial court did not instruct the jury at guilt-innocence on terroristic threat as a lesser included offense. Article 37.09(1) provides, "An offense is

---

[3] *See id.* § 29.03(a)(2) (Vernon 2003).

[4] *See id.* §§ 12.42(3), 36.06(a)(1)(A) (Vernon Supp. 2008).

[5] *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(b) (Vernon 2006).

a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged."[6] This inquiry is a question of law.[7] Its resolution does not depend on the evidence produced at trial but is found by comparing the elements of the offense as they are alleged in the indictment with the elements of the potential lesser included offense.[8]

Terroristic threat is not a lesser included offense of retaliation because it cannot be proven by the same or less facts than those required to prove retaliation.[9] Terroristic threat requires that a person intend to place an

---

[6] TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *see also Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007).

[7] *Hall*, 225 S.W.3d at 535.

[8] *Id.* at 525, 535–36.

[9] The elements of retaliation, as pleaded in the indictment, are that appellant intentionally or knowingly threatened in writing or through the mail to harm Mike Thomas by the unlawful act of killing him or his family in retaliation for or on account of the services or status of Mike Thomas as a public servant. The elements of terroristic threat, as defined by the penal code, are that a person threatened to commit an offense involving violence with intent to place an individual in fear of imminent serious bodily injury. TEX. PENAL CODE ANN. § 22.07(a)(2) (Vernon Supp. 2008).

individual in fear of imminent serious bodily injury; retaliation does not.[10] We overrule point of error one.

In point of error two, appellant contends that the trial court erred in denying his motion to quash the State's repeat offender notice because the State improperly used his prior felony conviction to prove an essential element of the offense and to enhance punishment from a third degree felony to a second degree felony.[11]

In this case, the State alleged appellant's prior felony conviction only in the enhancement paragraph to raise the offense from a third degree felony to a second degree felony. The elements of retaliation as charged in the indictment do not include appellant's prior felony conviction. Because the State did not allege the prior conviction as an essential element of the offense but only to enhance punishment, the trial court properly denied appellant's motion to quash. We overrule point of error two.

---

[10] *See Helleson v. State*, 5 S.W.3d 393, 393 (Tex. App.—Fort Worth 1999, pet. ref'd) (holding that terroristic threat is not a lesser included offense of retaliation because retaliation requires no threat of imminent bodily injury).

[11] *See Ramirez v. State,* 527 S.W.2d 542, 544 (Tex. Crim. App. 1975)*; Garcia v. State,* 335 S.W.2d 381, 383 (Tex. Crim. App. 1960 (op. on reh'g)); *see also Fitzgerald v. State,* 782 S.W.2d 876, 879 (Tex. Crim. App. 1990); *Wisdom v. State,* 708 S.W.2d 840, 845 (Tex. Crim. App. 1986).

In point of error three, appellant claims that the trial court erred in refusing a requested punishment charge based on article 42.08 of the code of criminal procedure that would have instructed the jury that any sentence assessed would be stacked upon the one that appellant was serving at the time he committed the offense.[12]  Appellant argues that it was reversible error to deny this requested instruction because it deprived the jury of the benefit of understanding all of the parole ramifications applicable to his situation.

Article 37.07 section 4(b) prohibits a jury from considering the manner in which parole may affect a defendant.[13]  Thus, it was not error for the trial court to refuse to give an instruction that explained the parole ramifications of appellant's sentence.  We overrule point of error three.

Having overruled all of appellant's points of error, we affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  August 26, 2008

---

[12] *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2006).

[13] *Id.* art. 37.07, § 4(b).