

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-22-00360-CV

**IN RE THE COMMITMENT OF MILTON EVON EDDINGTON**

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court No. 21-003304-CV-272**

## MEMORANDUM OPINION

In one issue, appellant, Milton Evon Eddington, contends the evidence is legally and factually insufficient to support the trial court's finding that he is a repeat sexually violent offender. Specifically, Eddington contends that the State cannot use a prior conviction to which he pleaded "nolo contendere" to satisfy the State's burden of proving that he has been convicted of two sexually violent offenses under Chapter 841 of the Texas Health and Safety Code. We affirm.

### Background

In 1982, Eddington was first convicted of rape of a child. The trial court sentenced Eddington to ten years in prison, suspended the sentence, and placed him on probation

for ten years. Thereafter, the State filed a motion to revoke Eddington's probation, alleging numerous violations of the terms and conditions of his probation. On September 11, 1984, the court revoked Eddington's probation and sentenced him to ten years in prison. In 1997, Eddington pleaded nolo contendere to sexual assault of a child and was sentenced to thirty-five years in prison.

On December 8, 2021, the State filed an original petition, alleging that Eddington is a sexually violent predator and requesting that he be committed civilly for treatment and supervision. In its original petition, the State used Eddington's 1982 conviction for rape of a child and his 1997 conviction for sexual assault of a child to assert that he is a repeat sexually violent offender. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(1), (b).

After a trial, the jury found beyond a reasonable doubt that Eddington is a sexually violent predator. The trial court signed a final judgment in accordance with the jury's verdict and a civil-commitment order. This appeal followed.

**Standard of Review**

Proceedings under the Sexually Violent Predator Act ("SVPA") are civil in nature, but because the State's burden of proof at trial is the same as in a criminal case, we review verdicts in cases brought under the SVPA using the standard of review applied in criminal cases. *In re Commitment of Stuteville*, 463 S.W.3d 543, 551 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). When reviewing a legal-sufficiency challenge to the

evidence in a sexually violent-predator case, we assess all the evidence in the light most favorable to the verdict to determine whether a rational jury could find, beyond a reasonable doubt, each of the elements that the State must prove to support a judgment of civil commitment. *In re Commitment of H.L.T.*, 549 S.W.3d 656, 661 (Tex. App.—Waco 2017, pet. denied) (citing *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.— Beaumont 2002, pet. denied)).

The Texas Supreme Court has articulated the proper standard for factual-sufficiency review of a finding that a person is a sexually violent predator as follows:

> The appellate standard governing factual-sufficiency review of a finding that a person is a sexually violent predator is whether, in light of the entire record, the disputed evidence a reasonable factfinder could not have credited in favor of the verdict, along with undisputed facts contrary to the verdict, is so significant that the factfinder could not have found beyond a reasonable doubt that the statutory elements were met.

*In re Commitment of Stoddard*, 619 S.W.3d 665, 677 (Tex. 2020).

## Applicable Law

As defined by the Legislature, a sexually violent predator is a person who "(1) is a repeat sexually-violent offender; and (2) suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence." TEX. HEALTH & SAFETY CODE § 841.003(a). "[A] person is a repeat sexually violent offender . . . if the person is convicted of more than one sexually violent offense and a sentence is imposed for at least one of the offenses . . . ." *Id.* § 841.003(b). As relevant here, rape of a child is the equivalent of sexual assault or aggravated sexual assault. *See Wisdom v. State*, 708 S.W.2d 840, 843

(Tex. Crim. App. 1986) ("The Legislature incorporated the old laws (Rape, Aggravated Rape, Sexual Abuse, Aggravated Sexual Abuse, Rape of a Child, Sexual Abuse of a Child) into two new laws (Sexual Assault and Aggravated Sexual Assault; V.T.C.A., Penal Code Secs. 22.011 and 22.021)."); *see also Reyes v. State*, 119 S.W.3d 844, 847 (Tex. App.—San Antonio 2003, no pet.) ("The now-repealed Penal Code provisions, including the offense of rape of a child, are undeniably the statutory predecessors of the modern-day offenses of sexual assault and aggravated sexual assault.") (citation omitted). Moreover, sexual assault and aggravated sexual assault are both sexually violent offenses under the SVPA. *See id.* § 841.002(8)(A); *see also* Tex. Penal Code Ann. §§ 22.011, 22.021

**Discussion**

In his sole issue on appeal, Eddington contends that the evidence is legally and factually insufficient to support the element that he is a "repeat sexually violent predator." Specifically, Eddington argues that the State cannot use his 1997 conviction for sexual assault of a child because article 27.02(5) of the Texas Code of Criminal Procedure prohibits the use of a conviction based on a plea of nolo contendere in a civil suit. *See* Tex. Code Crim. Proc. Ann. art. 27.02(5).

Article 27.02(5) of the Texas Code of Criminal Procedure provides that a nolo contendere plea has the same effect as a plea of guilty, "except that such plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." *Id.* However, the Texas Code

of Criminal Procedure does not generally apply to a civil-commitment case.  *See, e.g., In re Commitment of McCafferty*, No. 02-20-00073-CV, 2021 Tex. App. LEXIS 5071, at *18 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op.) (citing *In re Commitment of Price*, No. 06-16-00077-CV, 2017 Tex. App. LEXIS 4837, at *5 (Tex. App.—Texarkana May 26, 2017, pet. denied) (mem. op.)).  Rather, under section 841.146 of the Texas Health and Safety Code, "a civil commitment proceeding is subject to the rules of procedure and appeal for civil cases."  TEX. HEALTH & SAFETY CODE ANN. § 841.146(a)-(b).  Therefore, like our coordinate appellate courts, we too hold that article 27.05(2) of the Texas Code of Criminal Procedure does not apply to civil-commitment cases.[1]

In the alternative, Eddington argues that Texas Rule of Evidence 410(a)(2) prohibited the State from using his 1997 conviction to satisfy the element that he is a "repeat sexually violent predator" because a plea of nolo contendere "is not admissible" in a "civil case . . . against the defendant who made the plea."  *See* TEX. R. EVID. 410(a)(2). This argument also lacks merit.

First, Eddington's argument regarding Rule 410(a)(2) is that his 1997 conviction should not have been admitted into evidence.  In other words, this argument challenges the admissibility of the evidence.  The record reflects that Eddington did not object in the

---

[1] We also note that article 27.05(2) of the Texas Code of Criminal Procedure states that a plea of nolo contendere "may not be used against the defendant as an *admission* in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."  TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (emphasis added).  In this case, the State did not attempt to use Eddington's 1997 conviction as an admission against him.  Instead, the State only introduced the conviction to show that Eddington has been convicted of a sexual offense.

trial court to the admission of his 1997 conviction under Rule 410(a)(2). Therefore, Eddington did not preserve his admissibility argument under Rule 410(a)(2). *See* TEX. R. APP. P. 33.1(a).

Second, even if Eddington had preserved his Rule 410(a)(2) argument for appeal, it would fail. This is because "Rule 410 is not intended to prevent the State from proceeding under a statute to impose civil consequences that result from criminal convictions." *In re Young*, 410 S.W.3d 542, 552 (Tex. App.—Beaumont 2013, orig. proceeding) (addressing a discovery dispute in a proceeding under the SVPA where appellant objected to the State's requests for admission regarding whether he has charged, convicted, and sentenced in three separate criminal cases where appellant had entered pleas of nolo contendere) (citing *Turton v. State Bar of Tex.*, 775 S.W.2d 712, 715 (Tex. App.—San Antonio 1989, writ denied) (concluding that Rule 410 did not preclude admission of a nolo contendere plea in an action brought under the State Bar Act to suspend an attorney for conviction of a serious crime)). Therefore, based on the foregoing, the State was entitled to rely on Eddington's 1997 conviction, regardless of his plea of nolo contendere, in this case brought under the SVPA.

As mentioned earlier, the State presented evidence of two sexually violent offenses—Eddington's 1982 conviction for rape of a child and his 1997 conviction for sexual assault of a child. Eddington does not challenge the second element—whether he suffers from a behavioral abnormality. Viewing the evidence in the light most favorable

to the verdict, we hold that a rational jury could have found, beyond a reasonable doubt, that Eddington is a sexually violent predator. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003(a), 841.062; *In re Commitment of H.L.T.*, 549 S.W.3d at 661; *In re Commitment of Mullens*, 92 S.W.3d at 885. Furthermore, in light of the entire record, we conclude that the evidence is also factually sufficient to support the jury's verdict. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003(a), 841.062; *In re Commitment of Stoddard*, 619 S.W.3d at 677. We overrule Eddington's sole issue on appeal.


                              MATT JOHNSON
                              Justice


Before Chief Justice Gray
       Justice Johnson, and
       Justice Smith
(Chief Justice Gray concurs in the judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed May 3, 2023
[CV06]