

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00057-CR

---

**DAVID ALLEN DEWALD, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 32439B, Honorable Titiana Frausto, Presiding

---

August 5, 2025

## MEMORANDUM OPINION

**Before PARKER and DOSS and YARBROUGH, JJ.**

We deny the State's motion for rehearing, withdraw our opinion issued on January 3, 2025, and substitute the following opinion of the Court.

David Allen Dewald appeals two convictions for sex-offender registration violations, enhanced by a prior felony conviction.[1]  A jury found him guilty, and the trial court assessed punishment at twenty-five years of confinement on each count, to run

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art 62.102.

concurrently. On appeal, Appellant argues his sentences are illegal, the trial court failed to conduct an ability-to-pay inquiry under Code of Criminal Procedure Article 42.15(a-1), and the judgments should be modified to delete any order to repay court-appointed attorney's fees. We modify the judgments and bills of costs as to repayment of attorney's fees and as modified affirm the judgments of guilt. We reverse and remand solely for a new sentencing hearing and overrule Appellant's complaint under article 42.15(a-1).

## ANALYSIS

### First Issue

By his first issue, Appellant argues his sentences of confinement are illegal because they exceed the statutory maximum for third-degree felonies enhanced to second-degree felonies. This argument has taken an unusual path because the State initially conceded error but then reversed course on rehearing.

A. Appellant's Initial Argument and the State's Concession of Error

Appellant's argument centers on statutory interpretation. He argues that Texas Code Criminal Procedure Article 62.102(c) "is a punishment enhancement, not an offense enhancement." The statute provides that if a person required to register "has previously been convicted of an offense . . . under this article, the *punishment* for the offense . . . is increased to the punishment for the next highest degree of felony." TEX. CODE CRIM. PROC. ANN. art. 62.102(c) (emphasis added). This structure resembles other punishment enhancement provisions, such as Texas Penal Code section 12.42(a), which increases punishment for repeat felony offenders.

2

Under Article 62.102(c), Appellant's prior failure-to-register conviction did not transform his current charges into second-degree felony offenses. The statute enhances only punishment, not the offense level. Appellant's offenses remained third-degree felonies but carried second-degree felony punishment ranges. This distinction is crucial because Appellant's maximum possible sentence was twenty years, not the twenty-five years he received.

The trial court's error flowed from this misunderstanding. The court apparently treated Article 62.102(c) as elevating the offense itself to a second-degree felony, then applied Penal Code § 12.42(b) for further enhancement. But § 12.42(b) applies only when "it is shown on the trial of a felony of the second degree." Appellant was tried for a third-degree felony. Therefore, § 12.42 permitted enhancement under subsection (a), which provides a maximum sentence of twenty years, not twenty-five. The State concedes this error in both its brief and its motion for rehearing.

B. The State's Challenge to the No-Dual-Use Rule

In its initial brief, the State theorized whether Texas Penal Code § 12.42(d)'s habitual offender enhancement provisions would alternatively apply to permit the twenty-five-year sentence notwithstanding the language in Article 62.102(c). Section 12.42(d) requires two prior felony convictions, with the second occurring after the first became final. Appellant's criminal history appeared to meet this requirement: his conviction for failure to register as a sex offender[2] occurred because of his conviction for indecency with

___

[2] TEX. CODE CRIM. PROC. ANN. art. 62.102(a). This third-degree felony was rendered in Cause No. 12,547-B.

3

a child.[3]  However, the State concluded that because the indecency conviction created the duty to register, "that same conviction cannot be used again for punishment enhancement." (*citing Barker v. State*, 335 S.W.3d 731, 737 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).  The State therefore determined § 12.42(d) was inapplicable.  Our Court cited *Barker* and the Third Court's holding in *Ballard v. State*, 149 S.W.3d 693, 699 (Tex. App.—Austin 2004, pet. ref'd) for support that a conviction that creates the duty to register as a sex offender cannot also be used for enhancement purposes.

On rehearing, the State abandoned its earlier position.  While still conceding the trial court could not have applied Article 62.102(c) to impose a first-degree punishment range, the State now argues that the twenty-five-year sentence is justified under § 12.42(d).  The State takes issue with the "no-dual-use" methodology applied in more recent opinions (and its own initial brief).  The State urges that the doctrine has been extended beyond its original purpose.

*Origins of the No-Dual-Use Rule (1950s)*

Tracing the no-dual-use rule to its origins during the late 1950s in *Edwards*,[4] *Granado*,[5] and *Fletcher*,[6] the State contends the concept arose from situations where courts assessed whether a special recidivism statute controlled over a general

---

[3] TEX. PENAL CODE ANN. § 21.11.  This second-degree felony was rendered in Cause No. 4286.

[4] *Edwards v. State*, 166 Tex. Crim. 301, 313 S.W.2d 618 (1958).

[5] *Granado v. State*, 168 Tex. Crim. 525, 329 S.W.2d 864 (1959), *overruled by Fairris v. State*, 171 Tex. Crim. 416, 350 S.W.2d 935 (1961), and *overruled by Bell v. State*, 504 S.W.2d 498 (Tex. Crim. App. 1974).  *Bell*, however, expressly cited *Granado* and *Fletcher* with approval for the proposition that the special statute controls over the general.  504 S.W.2d at 501 n.1.

[6] *Fletcher v. State*, 169 Tex. Crim. 506, 335 S.W.2d 613 (1960), *overruled by Bell v. State*, 504 S.W.2d 498 (Tex. Crim. App. 1974).

4

enhancement statute. For example, in *Edwards*, former Article 802b's driving while intoxicated recidivism provision and Article 62's general enhancement statute each claimed to control punishment for defendants with prior DWI convictions. The Court of Criminal Appeals held that the Legislature intended for the special statute alone to provide the punishment to be assessed, consistent with the canon of statutory construction that the "special statute controls over a general statute." 166 Tex. Crim. at 302, 313 S.W.2d at 619.

### Extension to Felon-in-Possession Cases (1970s-1980s)

The State argues that in the 1970s and 1980s, the Court of Criminal Appeals improperly extended the *Edwards* statutory conflict rule beyond its analytical moorings. In *Ramirez,*[7] a felon-in-possession of a firearm case, the Court held that § 46.05 was a "special statute" requiring proof of a prior violent felony as an element. *Id.* at 544. The Court concluded that because a prior murder conviction "had been alleged as an element of the offense," it "was not available and could not be again used to enhance the punishment under § 12.42(a)." *Id.* The Court explicitly invoked *Edwards* for the notion that a prior conviction is not available to enhance punishment for an offense of which it is an essential element.

*Wisdom*,[8] another felon-in-possession case, reinforced and clarified the no-dual-use principle a decade later. The en banc Court, citing its decision in *Fletcher*, held that "the State was barred from using the appellant's rape conviction to enhance the offense,

---

[7] 527 S.W.2d 542 (Tex. Crim. App. 1975).

[8] 708 S.W.2d 840 (Tex. Crim. App. 1986) (en banc).

after the conviction had been used to allege an essential element of that offense." 708 S.W.2d at 845. The Court established the categorical rule that "[t]he use of a prior conviction to prove an essential element of an offense bars the subsequent use of that prior conviction in the same indictment for enhancement purposes." *Id*. The Court recognized the ongoing viability of "[t]he rule set down by this Court in *Ramirez*." *Id.*

### *Extension to Failure-to-Register Cases*

The State argues the holdings in *Ramirez* and *Wisdom* improperly transformed a rule for resolving conflicts between competing statutes into general prohibitions against "double-counting," as well as speculation about whether the Legislature had already "factored in" defendants' prior convictions when setting base offense levels. The State contends that intermediate courts have compounded this doctrinal drift by extending the misapplied rule to failure-to-register cases like *Ballard*,[9] which was discussed in our original opinion. According to the State, this represents an even more attenuated application of the original principle because failure-to-register offenses can arise from deferred adjudication or pardoned convictions; the Legislature did not assume every defendant would have a usable prior conviction for enhancement purposes. The State argues this progression illustrates how a narrow statutory interpretation tool in the beginning became a broad judicial policy against perceived unfairness, applied without regard to the original foundational rationale.

---

[9] *Ballard v. State*, 149 S.W.3d 693, 699 (Tex. App.—Austin 2004, pet. ref'd) ("Having used appellant's sexual assault conviction . . . to prove that appellant had a duty to register as a sex offender (to prove, in other words, that appellant had the status of being required to register), the State could not also use that conviction to enhance appellant's punishment pursuant to [§] 12.42[d]." and *citing Ramirez*, *Wisdom*, and *Fitzgerald v. State*, 782 S.W.2d 876 (Tex. Crim. App. 1990)).

*The State's Proposed Remedy*

The State therefore asks this Court to return the no-dual-use rule to its original statutory conflict foundation, limiting its application to cases involving direct conflicts between competing statutory schemes. Under the State's approach, dual use of a prior conviction would be prohibited only when a special recidivism statute and general enhancement statute irreconcilably conflict over the same punishment—as in *Edwards*. It would not be used merely when a prior conviction serves both to establish offense elements and enhance punishment. In the present case, this means § 12.42(d)'s habitual offender provision would govern Appellant's range of punishment, as no competing statute claims to govern the same punishment scenario and § 12.42(d) contains no express limitation on using registration-triggering convictions. The State contends this would restore the rule to its proper function as a statutory interpretation tool rather than a judicial policy against perceived unfairness.

## C. Stare Decisis Prevents Adoption of the State's Theory

While the State advances a thoughtful theory grounded in careful statutory analysis, we cannot accept its invitation to fundamentally reframe the no-dual-use rule. The State's focus on statutory conflict encounters an irreconcilable conflict of its own: *stare decisis*.

Authority from the Court of Criminal Appeals—particularly *McWilliams v. State*[10]— demonstrates that the dual-use rule operates beyond cases involving direct statutory conflicts. In *McWilliams*, the defendant escaped from "The Texas House" while serving a

---

[10] 782 S.W.2d 871 (Tex. Crim. App. 1990) (en banc).

7

sentence for burglary.  The State sought to use the same burglary conviction both as an element of escape and for enhancement.  Critically, no competing special enhancement statute existed, so there was no "direct, irreconcilable conflict" between statutory schemes that the State urges is necessary.  The escape statute simply made the offense a third-degree felony; § 12.42(a) provided general enhancement.

Yet, the Court of Criminal Appeals applied the no-dual-use rule and wrote that because the burglary conviction was "an essential element of the offense of third-degree felony escape," the State was "barred from both using appellant's prior burglary conviction as an essential element of the primary offense and to enhance his punishment."[11]  The Court conducted a functional analysis, emphasizing that enhancement statutes operate on the assumption that prior convictions used for enhancement are additional to whatever factors constitute the base offense.  This is consistent with the principle announced by commentators that "the legislature when authorizing enhancement of punishment by prior conviction assumed that the prior conviction was not already being used to increase punishment in the current case."  George E. Dix & John M. Schmolesky, 43A Tex. Practice: Criminal Practice and Procedure § 46:96 (3d ed. 2011).

Admittedly, *McWilliams* is a plurality opinion.  Nevertheless, if the State's statutory conflict theory were correct, the Court of Criminal Appeals could not have reached this result.  Under the State's framework, the absence of competing enhancement statutes

---

[11] 782 S.W.2d at 875–76 (*citing Wisdom*, *Fletcher*, and *Ramirez*).  All nine judges voted to reverse the judgment of the court of appeals and remand to the trial court to reassess appellant's punishment.  However, six of these judges concurred in the result only.

8

should have permitted dual use.  The Court would have been compelled to affirm the enhancement because no "irreconcilable conflict" existed between statutory schemes.

It is not within our province to determine that *McWilliams* was wrongly decided or should no longer be followed, nor can we question the continued vitality of the earlier Court of Criminal Appeals' decisions upon which *McWilliams* expressly relied.[12]  Under principles of vertical stare decisis, we are bound by these decisions unless clearly overruled or superseded.  While the State's argument may persuasively show that the dual-use rule has evolved beyond its original statutory conflict intentions, the State's request to adopt a fundamentally different analytical framework asks us to disregard binding precedent.  We cannot make such a doctrinal course correction as an intermediate appellate court; that authority rests with the Court of Criminal Appeals.

Our adherence to binding precedent resolves this case.  Under the established no-dual-use rule, Appellant's indecency conviction cannot serve dual purposes, meaning § 12.42(d) is inapplicable and his sentences are unauthorized by law.  *Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021).  The maximum term of confinement for a second-degree felony conviction is twenty years.  TEX. PENAL CODE ANN. § 12.33(a).  Appellant's twenty-five-year sentences exceed the statutory maximum for the offenses and are therefore illegal.  The correct remedy under these circumstances is to conduct a limited remand for a new punishment hearing.  *Calvillo v. State*, Nos. 05-23-00912-CR, 05-23-

---

[12] The State also cites *Ex parte Jimenez*, 361 S.W.3d 679 (Tex. Crim. App. 2012), for the proposition that "status" versus "conviction" distinctions are functionally irrelevant.  But this does not alter *McWilliams'* functional analysis of whether the Legislature already factored the defendant's criminal history into punishment ranges.

00913-CR, 2024 Tex. App. LEXIS 6392, at *3 (Tex. App.—Dallas Aug. 28, 2024, no pet.) (mem. op., not designated for publication). Appellant's first issue is sustained.[13]

**Second Issue**

Appellant next argues the trial court erred by failing to conduct an ability-to-pay inquiry under Code of Criminal Procedure Article 42.15(a-1). However, the Court of Criminal Appeals has recently held this is a forfeitable complaint that must be preserved at trial. *Cruz v. State,* 698 S.W.3d 265, 268–69 (Tex. Crim. App. 2024). We find no location in the record where Appellant objected on this basis below; thus, the issue was forfeited. We overrule Appellant's second issue.

**Third Issue**

By his third issue, Appellant seeks deletion of any order to repay court-appointed attorney's fees. The judgments order Appellant to pay fees "as applicable" and refer to the bills of costs, which assess $6,350 in attorney's fees.

An indigent defendant cannot be ordered to repay court-appointed attorney's fees absent proof of a material change in financial circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Cates v. State,* 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (explaining Article 26.05(g) requires a present determination of financial resources); *Carr v. State,*

_____

[13] Appellant did not raise his sentencing-error complaint in the trial court. We conclude, however, the issue may be first urged on appeal as a *Marin* category-two right. *See Grado v. State,* 445 S.W.3d 736, 741 (Tex. Crim. App. 2014) ("In the absence of a defendant's effective waiver, a judge has an independent duty both to identify the correct statute under which a defendant is to be sentenced and the range of punishment it carries and to consider the entire range of punishment in sentencing a defendant irrespective of a defendant's request that he do so . . . . The unfettered right to be sentenced by a sentencing judge who properly considers the entire range of punishment is a substantive right necessary to effectuate the proper functioning of our criminal justice system."); *Marin v. State,* 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993)*, abrogated on other grounds by Matchett v. State,* 941 S.W.2d 922, 928 (Tex. Crim. App. 1996)*, and overruled on other grounds by Cain v. State,* 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).

No. 01-15-00246-CR, 2016 Tex. App. LEXIS 2134, at *11 (Tex. App.—Houston [1st Dist.] Mar. 1, 2016, no pet.) (mem. op., not designated for publication) (explaining the indigence presumption is overcome if a material change in the defendant's financial circumstances occurs). Here, the record evidences that Appellant was indigent; it contains no proof of any change in financial circumstances.

On appeal, the State concedes error, noting that the proper disposition "is to reform the trial court's judgment by deleting the order for payment of court-appointed attorney's fees." We agree this is the proper remedy. *Cates,* 402 S.W.3d at 252; *Carr*, 2016 Tex. App. LEXIS 2134, at *11. Accordingly, we sustain Appellant's third issue. We modify both judgments and bills of costs to delete the assessment of attorney's fees.

## CONCLUSION

We deny the State's motion for rehearing. As modified, the judgments of guilt are affirmed. With regard to court-appointed attorney's fees, we modify the judgments and bills of costs to delete any obligation for Appellant to repay court-appointed attorney's fees. With regard to punishment, we reverse the trial court's judgments and remand the case to the trial court solely for conducting a new punishment hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b); *Parks v. State,* No. 12-02-00198-CR, 2003 Tex. App. LEXIS 4639, at *6 (Tex. App.—Tyler May 30, 2003, no pet.) (not designated for publication) ("An appeal of the punishment phase is entirely limited to issues pertaining to the retrial of appellant's punishment.").

Lawrence M. Doss
Justice

Do not publish.

11